**LI HING OF HONG KONG, INC., and Yee Lee Soon, Plaintiffs/Appellants,**

v.

**Burton LEVIN, Counsel General of the United States of America for Hong Kong, Defendant/Appellee.**

**No. 84–6306.**

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 1986.

Decided Sept. 26, 1986.

James R. Gotcher, Sherman Oaks, Cal., for plaintiffs/appellants.

Carolyn M. Reynolds, Los Angeles, Cal., for defendant/appellee.

Before ANDERSON, POOLE, and THOMPSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Li Hing of Hong Kong, Inc., a California corporation, sought to transfer its employee Yee Lee Soon from Hong Kong to the United States. It filed an L visa petition on behalf of Soon with the Immigration and Naturalization Service (INS) pursuant to 8 U.S.C. § 1184(c). The District Director of the INS approved the petition and forwarded it to Burton Levin, the United States Consul in Hong Kong, for his consideration. Levin denied the visa pursuant to a decision that Soon was ineligible for a visa under 8 U.S.C. § 1184(b), to wit: that Soon was presumed to be an intending immigrant and that he had failed to establish that he was a bona fide nonimmigrant.

Appellants filed an action seeking, among other relief, an order directing Levin to issue a visa to Soon. Levin filed a motion to dismiss, contending in part that the district court lacked jurisdiction to review the acts of consular officials in determining whether or not to issue a visa. The district court granted the motion. We affirm.

The doctrine of nonreviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete. *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977); *Kleindienst v. Mandel*, 408 U.S. 753, 766, 92 S.Ct. 2576, 2583, 33 L.Ed.2d 683; *Fong Yue*

*Ting v. United States*, 149 U.S. 698, 713, 13 S.Ct. 1016, 1022, 37 L.Ed. 905 (1893). Congress placed no limitations on alien migration until 1875 when it passed the Act of March 3, 1875 (18 Stat. 477). This was the first in a long line of legislation restricting alien migration.

By passing the Immigration & Nationality Act of 1952, 8 U.S.C. § 1181, *et seq.*, Congress has provided the terms and conditions whereby an alien may enter the United States. Under the statute, the alien shall apply for an immigration or nonimmigration visa to the United States Consular official in his country. 8 U.S.C. § 1201–1202.

The Immigration & Nationality Act thereby conferred upon consular officials the authority to issue or withhold visas. 8 U.S.C. §§ 1101(a)(9), (16); 1201. Congress specifically exempted the exercise of this power from review by the Secretary of State. 8 U.S.C. § 1104(a). In addition, it has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review. *Kleindienst v. Mandel, supra; Ventura-Escamilla v. INS*, 647 F.2d 28 (9th Cir.1980); *Loza-Bedoya v. INS*, 410 F.2d 343 (9th Cir.1969); *Braude v. Wirtz*, 350 F.2d 702 (9th Cir.1965); *United States ex rel. Ulrich v. Kellogg*, 30 F.2d 984 (D.C.Cir.), *cert. denied*, 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005 (1929). As the Court held in *Kleindienst, supra:*

> The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.

*Kleindienst*, 408 U.S. at 766, 92 S.Ct. at 2588 (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547, 15 S.Ct. 967, 970, 39 L.Ed. 1082 (1895)). Exercising jurisdiction over this case would, therefore, violate the long-recognized judicial nonreviewability of a consul's decision to grant or deny a visa.

We are aware of the recent Ninth Circuit decision in *Wong v. Department of State*, 789 F.2d 1380 (9th Cir.1986), in which the court reviewed the validity of the revocation of nonimmigrant visas by a consular official. We find that case distinguishable in several aspects. First, that case concerned the *revocation* of visas. The decision *granting* the visas was not at issue. Second, the consular official's basis for revocation was not one of the permissible grounds enunciated by the applicable regulations. Third, the aliens were physically present in the United States. And, fourth, the question of jurisdiction was never raised. None of the above factors are found in the present case.

We hold, as did the court in *Ventura-Escamilla*, 647 F.2d at 32, that "[t]his court is without power to substitute its judgment for that of a Consul, acting pursuant to valid regulations promulgated by the Secretary, on the issue of whether a visa should be granted or denied."

The decision of the district court is

AFFIRMED.