8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. KENT, Plaintiff-Appellant,
v.
UNITED STATES of America; Department of State; Robert A.
Strauss, Ambassador To Russia, Defendants-Appellees.
 No. 93-55207.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 18, 1993.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Feb. 18, 1994.
 
 Before; FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Kent appeals pro se the district court's order granting defendant's motion for judgment on the pleadings[1] in Kent's action seeking injunctive and declaratory relief to compel the United States Department of State to issue a visa to Kent's fiancee, Irina Protopopova, a citizen and resident of Russia. The district court held that it lacked subject-matter jurisdiction over the action. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Section 1184(d) of the Immigration and Naturalization Act (Act), 8 U.S.C., provides for the issuance of a nonimmigrant visa to the alien fiance(e) of a United States citizen to allow the alien to enter the United States to conclude a valid marriage within 90 days after entry. See 8 U.S.C. § 1101(a)(15)(K). Under section 1184(d), the consular official shall not issue a fiance(e) visa until the Attorney General approves a petition submitted by the United States citizen. 8 U.S.C. § 1184(d). The petition shall be approved by the Attorney General only after satisfactory evidence is submitted to establish that the parties have previously met in person within two years before the petition is filed, have a bona fide intent to marry, and are legally able and actually willing to conclude a valid marriage within 90 days after the alien's arrival in the United States. Id.
 
 
 4
 The Act also provides, however, that the consular official shall not issue a visa if it appears to the official, or if the official knows or has reason to know, that the alien is ineligible to receive a visa. 8 U.S.C. § 1201(g). The regulations regarding petitions provide:
 
 
 5
 [t]he consular officer shall suspend action in a petition case and return the petition, with a report of the facts, for reconsideration by INS if the petitioner requests suspension of action, or if the officer knows or has reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means, or that the beneficiary is not entitled, for some other reason, to the status approved.
 
 22 C.F.R. § 42.43
 
 6
 On June 13, 1992, Kent filed a petition for a fiancee visa for Protopopova pursuant to 8 U.S.C. §§ 1101(a)(15)(K) and 1184(d). The application was approved by the Immigration and Naturalization Service (INS) and sent to the United States Embassy in Moscow. The consular official returned the application to the INS for further investigation. On September 25, 1992, Kent filed this action requesting the district court to issue an injunction or a writ of mandamus compelling defendants to issue a K-1 visa to Protopopova.
 
 
 7
 The legislative power of Congress over the admission of aliens is virtually complete, and, because the power to exclude or expel aliens is vested in the Executive and Legislative branches, judicial review is necessarily limited. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 970-71 (9th Cir.1986); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir.1981).
 
 
 8
 "The power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications."
 
 
 9
 Kleindienst v. Mandel, 408 U.S. 753, 766 (1972) (quoting Lem Moon Sing v. United States, 158 U.S. 538, 547 (1895)). Given the broad powers of Congress and the Executive and the limited role of the judiciary in this area, courts have consistently held that the decision of a consular official to grant or deny a visa is not subject to judicial review. Li Hing, 800 F.2d at 971; Ventura-Escamilla, 647 F.2d at 32 (stating that "[t]his court is without power to substitute its judgment for that of a Consul, acting pursuant to valid regulations promulgated by the Secretary, on the issue of whether a visa should be granted or denied"). Accord Rivera de Gomez v. Kissinger, 534 F.2d 518, 519 (2d Cir.) (per curiam), cert. denied, 429 U.S. 897 (1976).
 
 
 10
 Here, Kent requested the district court to compel the State Department to issue a visa to Protopopova. The consular official's decision to grant or deny Protopopova's visa petition is not subject to judicial review. See Li Hing, 800 F.2d at 971; Ventura-Escamilla, 647 F.2d at 32. Accordingly, the district court correctly concluded that it lacked jurisdiction to grant the relief Kent requested. Kent's argument that the district court had jurisdiction pursuant to 8 U.S.C. § 1329 lacks merit. The doctrine of nonreviewability of consular visa decisions precludes district court jurisdiction notwithstanding section 1329's general grant of jurisdiction over cases arising under the Act. See Gomez, 534 F.2d at 519. Accord Martinez v. Bell, 468 F.Supp. 719, 725-26 (S.D.N.Y.1979).
 
 
 11
 Kent contends that the district court had jurisdiction under 28 U.S.C. § 1361 to grant a writ of mandamus. He contends that because defendants delayed unreasonably in acting on the petition, the court should grant a writ of mandamus to compel the State Department to grant or deny the visa. Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty owed to an individual only if (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and "so plainly prescribed as to be free from doubt," and (3) no other adequate remedy is available. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987). Here, the statutes and regulations provide the consular official considerable discretion in granting or denying a visa and do not establish a time limit for action on a petition. See 8 U.S.C. § 1201(g); 22 C.F.R. § 42.43. Thus, mandamus is not an appropriate remedy and is not available as a basis of district court jurisdiction. See Azurin, 803 F.2d at 995. Accord Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir.) (rejecting an alien's claim that mandamus was available to compel the INS to complete an investigation regarding issuance of visas to foreign aliens on the grounds that such investigations are within the discretion of the INS), cert. denied, 439 U.S. 828 (1978).
 
 
 12
 Kent also contends that the district court had jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. § 706 and the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201. These contentions lack merit. The APA is not an independent source of jurisdiction. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. United States Secretary of Labor, 841 F.2d 278, 282 (9th Cir.1988). Similarly, the DJA is remedial in nature and does not confer federal subject matter jurisdiction. Staacke, 841 F.2d at 280.
 
 
 13
 Finally, Kent contends that the failure of the State Department to issue the visa and to conduct a timely investigation into the facts allegedly warranting reconsideration of his petition violated his constitutional right to marry the woman of his choice. He contends that the district court had jurisdiction to adjudicate this constitutional claim. This contention lacks merit. No constitutional right of a citizen spouse is violated by the deportation of his or her alien spouse. Burrafato v. United States Dep't of State, 523 F.2d 554, 555 (2d Cir.1975), cert. denied, 424 U.S. 910 (1976). Here, where Kent asserts only a right to have his fiancee enter the country, no constitutional right is at stake to invoke federal subject-matter jurisdiction. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also dismissed this action on the alternate ground of insufficiency of service of process. Because the action was dismissed less than 120 days after Kent filed his complaint, it appears the time for completing service of process had not run and dismissal under Fed.R.Civ.P. 4(j) would have been premature. We may affirm, however, on any ground supported by the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Accordingly, we decline to address the issue of sufficiency of service of process
 
 
 [2]
 Defendants contend that this court lacks jurisdiction over this appeal because the district court's order dismissing without prejudice was not final and appealable. The district court's order specifically dismissed the action, not just the complaint, and dismissal of an action without prejudice is a final, appealable order. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). Thus, we have jurisdiction over this appeal