**IT IS HEREBY ORDERED** that defendant's motion for reversionary trust [Doc. # 46] is denied.

### JUDGMENT

Pursuant to the order entered herein this day and the memorandum opinion and order entered September 23, 1996,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgment is entered in favor of plaintiff and against defendant in the total amount of $2,833,013.62, as calculated and itemized on page 30 of the Court's September 23, 1996 memorandum opinion, plus costs and such post-judgment interest as is allowed by law at the applicable rate of 5.49%.

**ENCUENTRO DEL CANTO POPULAR et al., Plaintiffs,**

v.

**Warren CHRISTOPHER, et al., Defendants.**

**No. C–93–4221–VRW.**

United States District Court, N.D. California.

July 31, 1996.

Abraham A. Simmons, Bronson Bronson & McKinnon, James R. Mayock, Carol A. King, San Francisco, for plaintiff.

David V. Bernal, Washington, DC, Susan L. Kamlet, Oakland, CA, for defendants.

### ORDER

WALKER, District Judge.

On April 22, 1996, the court granted summary judgment in favor of defendant on all of plaintiffs' claims except the claim that the Secretary of State illegally "usurped" the authority of the consular officials in Cuba by unduly influencing those officials in their decision to deny visas to certain members of Grupo Mezcla. The court allowed further discovery on this issue and directed the parties to file further motions for summary judgment no later than July 19, 1996. Oppositions to these motions for summary judgment were due no later than July 26, 1996.

On July 19, 1996, defendants renewed their motion for summary judgment. Plaintiffs have not conducted discovery, filed a motion for summary judgment or filed an opposition to defendants' motion. For the reasons stated below, defendants' motion for summary judgment is GRANTED.

## I

Summary judgment is a method for the prompt disposition of an action in which there is no genuine issue of material fact. FRCP 56(c) provides for the granting of summary judgment where the moving party is entitled to judgment as a matter of law. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *Celotex Corp v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, FRCP 56(e) shifts to the nonmoving party the burden of presenting specific facts showing that such contradiction is possible. *British Airways Bd v. Boeing Co,* 585 F.2d 946, 950–52 (9th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

A party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings. Rather, responses, either by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. A mere "scintilla" of evidence supporting the nonmoving party's position will not suffice. There must be enough of a showing that the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The question in summary judgment motions is whether reasonable minds could differ as to the import of the evidence. *Eisenberg v. Insurance Co of North Am,* 815 F.2d 1285, 1288 (9th Cir.1987). "If the evidence is merely colorable * * * or is not significantly probative, summary judgment may be granted." Id. at 1288. The nonmoving party's evidence is to be taken as true and all inferences are to be drawn in the light most favorable to the nonmoving party. *Eisenberg,* 815 F.2d at 1289.

## II

As the court noted in its April 22, 1996, order, the decision of a consular officer to deny an alien's request for a visa is immune from judicial review. See *Li Hing of Hong Kong v. Levin,* 800 F.2d 970, 971 (9th Cir.1986); *Ventura–Escamilla v. INS,* 647 F.2d 28, 30 (9th Cir.1980). Defendants argue that Karl Wagner, the consular officer in Cuba assigned to the visa applications of Grupo Mezcla, made the decision to deny those visas without any interference from the Secretary of State and that the court therefore lacks jurisdiction to review that decision. In support of this argument, defendants have submitted the declaration of Mr. Wagner, in which he declares as follows:

4. On October 1, 1993, eight Cuban musicians presented nonimmigrant visa applications. I reviewed their applications, and found them to be ineligible for entry into the United States pursuant to section 212(f) of the INA and Proclamation 5377. I indicated my finding of ineligibility on the eight nonimmigrant visa application forms, and designated them as "refusals."

5. On October 8, 1993, I sent a telegram requesting a security advisory opinion from the State Department to learn whether it concurred in my finding of ineligibility or whether exceptions under Section 2(c) of the Proclamation would be granted.

6. On November 2, 1993, the State Department sent a telegram to the U.S. Interests Section stating that there was no objection to the issuance of the visas to three of the eight applicants pursuant to the exception provided in Section 2(c) of the Proclamation, that it concurred in my finding that the other five applicants were ineligible under Section 212(f) of the INA and Proclamation 5377, and that no exception would be granted under Section 2(c).

Duggan Decl, Ex A at ¶¶ 4–6.

The above portion of Mr. Wagner's deposition fully supports defendants' assertion that Mr. Wagner made the decision to deny the excluded members' visa requests without interference from the Secretary of State. Plaintiffs have not contradicted this assertion in any way. The court therefore concludes that no disputed issue of material fact exists in this case. Because the decision to deny the visa requests of the excluded members of Grupo Mezcla was made by a consular official, the court has no jurisdiction to review it.

*Li Hing,* 800 F.2d at 971. Moreover, as explained in the April 22, 1996, order, this conclusion deprives the court of subject matter jurisdiction over the remainder of plaintiffs' claims. Accord *Garcia v. Baker,* 765 F.Supp. 426, 427 (N.D.Ill.1990) (court lacked jurisdiction to issue a declaration that consular official misinterpreted law and violated regulations by not seeking a security advisory opinion before denying a visa application; the "suit beg[an] and end[ed] with the consular official's denial of [the] immigrant visa application"). Defendants' motion for summary judgment is therefore GRANTED.

IT IS SO ORDERED.