RADUGA USA CORPORATION, Nikolai Romanovskiy; Vladlena Yakovleva, Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF STATE; et al., Defendants–Appellees.

No. 07–55140.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 30, 2008.

Kenneth White, Esq., White & Associates, San Diego, CA, Trina A. Realmuto, for Plaintiffs–Appellants.

Samuel W. Bettwy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: SCHROEDER, SILVERMAN, and BERZON, Circuit Judges.

### MEMORANDUM *

Nikolai Romanovskiy and Vladlena Yakovleva, natives and citizens of Russia, along with Raduga USA Corporation, an American corporation whose president and sole shareholder is Romanovskiy, appeal from the dismissal of their complaint against various United States officials and agencies. As the complaint sought to challenge the government's refusal to grant visas to Romanovskiy and Yakovleva, the district court determined that judicial review was precluded by the doctrine of consular nonreviewability. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

It is well established that a consular official's decision to grant or deny a visa to an individual alien—absent a cognizable constitutional claim raised by a U.S. citizen—is not subject to judicial review. *See Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970, 971 (9th Cir.1986). That the embassy in this instance denied the visas after being directed to do so by the Department of Homeland Security does not alter the result: we reject Appellants' contention that Congress created an exception to the rule of consular nonreviewability by giving the DHS Secretary "the authority to refuse visas in accordance with law." 6 U.S.C. § 236(b)(1).

We also decline Appellants' invitation to consider whether the reason given for the

---

* This disposition is not appropriate for publication and is not precedent except as provided

visa denial was facially legitimate and bona fide, as this case does not present a scenario in which the visa decision infringes upon the constitutional rights of American citizens. *Cf. Kleindienst v. Mandel,* 408 U.S. 753, 762, 770, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). Appellants suggest in a footnote that the visa denial at issue here implicates Raduga USA Corporation's right to procedural due process. The requirements of procedural due process, however, attach only to the deprivation of constitutionally protected liberty and property interests. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Appellants have not attempted to explain, in their opening or reply brief, what the corporation's protected interest was or how it was deprived by DHS's action. Appellants therefore have failed properly to raise a cognizable constitutional interest.

**AFFIRMED.**