Engjell **KODRA** and Leonard Kodra, Plaintiffs,

v.

**SECRETARY, DEPARTMENT OF STATE, United States Ambassador to Albania, Deputy Chief of Mission, Acting Consular Chief, Officer, Immigrant Visa Unit, Secretary, Department of Homeland Security, Director, Citizenship and Immigration Services, Director, Federal Bureau of Investigations and U.S. Attorney General, Defendants.**

**Case No. 6:12–cv–693–Orl–36GJK.**

United States District Court, M.D. Florida, Orlando Division.

Nov. 6, 2012.

Fraerly Symphorien, NeJame, LaFay, Jancha, Ahmed, Barker, Joshi & Moreno P.A., Orlando, FL, for Plaintiffs.

Melissa Leibman, U.S. Department of Justice, Washington, DC, for Defendants.

## *ORDER*

CHARLENE EDWARDS HONEYWELL, District Judge.

This cause comes before the Court upon Defendants' Motion to Dismiss Complaint for Lack of Jurisdiction ("Motion to Dismiss") (Doc. 17). Plaintiffs Engjell Kodra and Leonard Kodra (collectively, "Plaintiffs") filed a Response in opposition to the motion (Doc. 20). For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

## I. *BACKGROUND*

### A. Facts[1]

Plaintiff Leonard Kodra is a United States citizen who is presently residing in

---

1. The following statement of facts is derived from Plaintiffs' Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss.

Ocoee, Florida. Doc. 1, ¶ 1. On June 7, 2010, Leonard Kodra filed a Form I–130, Petition for Alien Relative, on behalf of his seventy-three year-old father, Plaintiff Engjell Kodra ("I–130 Petition"). *Id.* Plaintiff Engjell Kodra is a citizen of Albania, residing in Albania. *Id.* at ¶ 2. The I–130 Petition sought to provide Engjell Kodra with an immigrant visa in accordance with 8 U.S.C. § 1153(a)(4); 8 U.S.C. § 1153(d). *Id.* at ¶ 9.

On November 8, 2010, Plaintiff Leonard Kodra was informed that the I–130 Petition was approved and forwarded to the Department of State ("DOS") National Visa Center in Portsmouth, New Hampshire ("NVC"). *Id.* at ¶ 10; Doc. 1–Ex. 2. Around November 2010, Plaintiffs submitted Form DS–230, the Application for Immigrant Visa and Alien Registration ("Visa Application") for Engjell Kodra on the basis of the approved I–130 Petition. *Id.* at p. 2.

On or around April 13, 2011, the NVC notified Plaintiffs that it had completed its initial processing of the approved I–130 Petition and was forwarding the matter to the U.S. Consular Office in Tirana, Albania. *Id.* at ¶ 11. Upon DOS' request, Engjell Kodra appeared for an interview on May 9, 2011, and subsequently for two further interviews. *Id.* at ¶¶ 12–13. Engjell Kodra submitted all documents requested by the consular officer, including copies of the Immigration Judge's order terminating removal proceedings against him on June 13, 2011, and the Form I–589, Application for Asylum he filed in August of 2001, indicating that he had not accrued unlawful presence during his prior stay in the United States. *Id.* at ¶¶ 13–14; *see* Doc. 1–Exs. 5–6.

Plaintiffs allege that as of the filing of their Complaint, they had not been advised of the status of Engjell Kodra's Visa Application, and they argue that the "DOS lacks any bona fide reason for this extraordinary delay in simply issuing a decision in this matter or providing a proper denial with a decipherable legal and factual basis." *Id.* at ¶ 15. Plaintiff Leonard Kodra seeks to care for his aging father, whose health is deteriorating. *Id.* Plaintiffs have submitted several inquiries about their pending applications through Leonard Kodra's U.S. Congressional Office and through their legal counsel. *Id.* at ¶ 16.

Defendant Hillary Clinton is the Secretary of the DOS.[2] *Id.* at ¶ 3. Defendant Alexander A. Arvizu is the U.S. Ambassador to Albania. *Id.* at ¶ 4. Defendant Deborah A. Jones is the Deputy Chief of Mission, and a DOS employee. *Id.* at ¶ 5. Defendant Rebecca Hunter is the Acting Consular Chief. *Id.* at ¶ 6. Defendant John Doe is the Immigrant Visa Unit Officer employed by the DOS who reviewed Plaintiffs' Visa Application. *Id.* at ¶ 7. Defendant Janet Napolitano is the Secretary of the Department of Homeland Security, and responsible for the enforcement of the Immigration and Nationality Act ("INA"). *Id.* at ¶ 8. Defendant Alejandro Mayorkas is the Director of the United States Citizenship and Immigration Services ("USCIS"). *Id.* at ¶ 9. Defendant Eric Holder is the Attorney General of the United States, and is responsible for the operations of the Department of Justice which includes the Executive Office for Immigration Review. *Id.* at ¶ 10. Defendant Rob-

---

*Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir.1992); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp. S.A.,* 711 F.2d 989, 994 (11th Cir.1983).

**2.** Plaintiffs note that each of the alleged Defendants is being sued in his or her official capacities. Doc. 1, ¶¶ 3–11.

ert S. Mueller, III, is the Director of the Federal Bureau of Investigations ("FBI"). *Id.* at ¶ 11.

## B. Procedural History

On May 8, 2012, Plaintiffs filed a Complaint requesting that the Court issue a writ of mandamus pursuant to 5 U.S.C. § 706(1) to compel Defendants to make a determination on Plaintiff Engjell Kodra's pending Visa Application and I–130 Petition, if still pending. *Id.* at ¶ 6. Plaintiffs argue that mandamus is appropriate because there is no other remedy at law. *Id.* at ¶ 20. Defendants filed the instant Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. *STANDARD*

To survive a motion to dismiss, a pleading must include a " 'short and plain statement showing that the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Fed.R.Civ.P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp., et al. v. Twombly, et al.,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Mere naked assertions, too, are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* at 1950. Therefore, although a complaint does not need detailed factual allegations to survive a challenge under Rule 12(b)(6), a plaintiff is still obligated to provide the "grounds" for his entitlement to relief. *City of Winter Haven v. Cleveland Indians Baseball Co., LP,* 2009 WL 1107670, *1 (M.D.Fla. 2009); *See Iqbal,* 129 S.Ct. at 1950 ("only a claim that states a plausible claim for relief survives a motion to dismiss.").

A defendant may attack subject matter jurisdiction in two manners: facially and factually. *McMaster v. United States,* 177 F.3d 936, 940 (11th Cir.1999). A facial attack requires the court to assess, assuming the allegations of the complaint to be true, if the complaint sufficiently alleges a basis for subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta–Richmond County,* 501 F.3d 1244, 1251 (11th Cir.2007); Fed.R.Civ.P. 12(b)(1). In contrast, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)). If a court finds at any point in the litigation that it lacks subject matter jurisdiction over an action, it must dismiss the complaint. Fed.R.Civ.P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

## III. *ANALYSIS*

In their Motion to Dismiss, Defendants make three arguments as to why Plaintiffs' Complaint must be dismissed. Doc. 17, pp. 1–2. First, Defendants maintain that as a nonresident alien, Plaintiff Engjell Kodra lacks standing to challenge a delay in the adjudication of his Visa Application. Second, Defendants explain that one month prior to Plaintiffs' filing the Complaint, a consular officer issued a notice informing Plaintiff Engjell Kodra that his

Visa Application had been refused, and therefore Plaintiffs' Complaint is moot. Third, to the extent that Plaintiffs seek review of the consular officer's decision to refuse Plaintiff Engjell Kodra's Visa Application, Defendants argue that the doctrine of consular nonreviewability precludes this Court from asserting subject matter jurisdiction. *Id.* Each argument will be considered in turn.

### A. Engjell Kodra lacks standing to challenge the adjudication of his Visa Application

 Defendants argue that as a non-resident alien, Plaintiff Engjell Kodra lacks a constitutional right to enter the United States, and therefore lacks standing to challenge a consular officer's refusal to issue him an immigrant visa. Doc. 17, p. 7. The Supreme Court has established that nonresident aliens seeking to enter the United States have "no constitutional right to entry as a nonimmigrant or otherwise". *Kleindienst v. Mandel,* 408 U.S. 753, 762, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *Van Ravenswaay v. Napolitano,* 613 F.Supp.2d 1, 5 (D.D.C.2009) ("With respect to standing, there is a long line of cases explaining that non-resident aliens lack standing to challenge the determinations associated with their visa applications, which belong to the political and not judicial branches of government."). Accordingly, Defendants argue that Plaintiff Engjell Kodra lacks standing to challenge either a delay in the adjudication of his Visa Application or its denial because he has no constitutional right to enter the United States and the Court lacks subject

matter jurisdiction. Doc. 17, p. 8. In their Response, Plaintiffs appear to concede that the Court lacks subject matter jurisdiction over Engjell Kodra. *See* Doc. 20, p. 2.[3]

The Court agrees that since Plaintiff Engjell Kodra has no constitutional right to enter the United States, it lacks jurisdiction to review a challenge of the delay in determining his Visa Application. *Kleindienst,* 408 U.S. at 762, 92 S.Ct. 2576; *De Castro v. Fairman,* 164 Fed.Appx. 930, 933 n. 2 (11th Cir.2006).

### B. Plaintiffs' Complaint is moot

 Second, Defendants explain that on March 27, 2012, a consular officer notified Plaintiff Engjell Kodra that he had been found ineligible to receive a visa pursuant to 8 U.S.C. § 1182(a)(6)(C)(i)[4] ("March 2012 Notice").[5] Doc. 17, pp. 8–10; *see* Doc. 17–Ex. C. Indeed, Article III of the Constitution limits the jurisdiction of federal courts to consideration of "cases" and "controversies". U.S. Const. Art. III § 2; *Nyaga v. Ashcroft,* 323 F.3d 906, 913–16 (11th Cir.2003) (concluding that because plaintiff was no longer eligible to receive a visa, the district court could not provide meaningful relief and was compelled to dismiss the case as moot). When an action cannot be characterized as a case or controversy, it is moot and must be dismissed because any decision on the merits constitutes an impermissible advisory opinion. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir.2001).

---

**3.** In their Response, Plaintiffs state the following twice: "Even if Plaintiff Engjell Kodra may lack standing, Plaintiff Leonard Kodra has asserted a justiciable claim." Doc. 20, pp. 2, 9.

**4.** 8 U.S.C. § 1182(a)(6)(C)(i) is also referred to as INA § 212(a)(6).

**5.** Contrary to Plaintiffs' claim, the Court is permitted to consider evidence outside the four corners of the Complaint when considering a factual challenge to subject matter jurisdiction. Doc. 20, p. 11; *see McElmurray,* 501 F.3d at 1251; *Lawrence,* 919 F.2d at 1529.

In filing their Complaint, Plaintiffs explicitly seek adjudication of the allegedly pending Visa Application. *See* Doc. 1, ¶ 20 ("Through the instant action, Plaintiffs seek to compel the government to reach a decision in this matter or to at least require the government to provide some legal or factual basis for any decision."). Thus, because Plaintiffs have received the relief requested, adjudication of Engjell Kodra's Visa Application, it is evident that they do not present a justiciable claim.[6] *Nyaga,* 323 F.3d at 915. Moreover, to the extent Plaintiffs requested the legal basis of the adjudication "in accordance with 22 C.F.R. § 42.81"[7], Doc. 1, ¶ 19, such information was provided. *See* Doc. 17–Ex. C. The March 2012 Notice explains that Engjell Kodra's Visa Application was refused pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), for seeking to procure an immigration benefit by fraud or willfully misrepresenting a material fact.[8] *Id.*

Responding to Defendants' Motion to Dismiss, Plaintiffs appear to concede that they received the March 2012 Notice, but argue that Defendants did not complete a proper review according to the requirements of 22 C.F.R § 42.81, 22 C.F.R. § 40.6 and § 221(g). Doc. 20, p. 9. Specifically, Plaintiffs maintain that the March 2012 Notice did not provide "any real statement, or a proper basis, such as whether the applicant appeared to be ineligible based upon any particular statements in the application or supporting papers," thus rendering Plaintiffs unable to explain any purported problem with their Visa Application. *Id.* at p. 10.

First, the Court is disturbed by the obvious inconsistency between Plaintiffs' allegation in the Complaint that "as of the submission of the instant complaint, the government has failed to take any action on the Application for an Immigrant Visa", Doc. 1, ¶ 16, and Plaintiffs' statement in response to the Motion to Dismiss that the "purported refusal did not provide any real statement, or a proper basis" for refusing the Visa Application. Doc. 20, p. 10. Further, the Court agrees with Defendants that the March 2012 Notice provided the legal basis for denying Engjell Kodra's Visa Application, as required by law.[9] In

6. The Court agrees with Defendants that Plaintiffs' case does not fall within the narrow exception of the mootness doctrine for cases that are "capable of repetition yet evading review." *Al Najjar,* 273 F.3d at 1340; *De La Teja v. United States,* 321 F.3d 1357, 1363 n. 3 (11th Cir.2003). Here, the adjudication of Plaintiffs' Visa Application prior to filing the Complaint rendered the action moot and there is no indication that this situation is repeatable.

7. Pursuant to the regulation, the consular officer must issue or refuse the visa pursuant to two cited provisions, and must "inform the applicant of the provision of law or implementing regulation on which the refusal is based and of any statutory provision or law or implementing regulation under which administrative relief is available." 22 C.F.R. § 42.81(b).

8. The March 2012 Notice cites the section of the statute which justifies the consular officer's refusal of Engjell Kodra's Visa Application. That section provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

9. Contrary to Plaintiffs' assertion, Defendants complied with each of the regulations cited. 22 C.F.R § 42.81 requires the consular officer to sign and date the refusal notice, and inform the applicant of the provision of law or implementing regulation on which the refusal is based. Further, this regulation requires the consular officer to retain any document related to the visa refusal and only documents not related to the refusal shall be returned to the applicant. *See* 22 C.F.R § 42.81(b). 22 C.F.R. § 40.6 provides that a "visa can be refused only upon a ground specifically set

fact, the Eleventh Circuit specifically held that identifying a subsection of this statute as the basis for denial of a visa sufficiently "inform[s] the applicant of the provisions of law ... on which the refusal is based." *De Castro v. Fairman,* 164 Fed.Appx. 930, 931–32 (11th Cir.2006) (noting that two months after her interview at the embassy, petitioner was notified by the consular officer that "her application was rejected pursuant to [INA] § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C)," which renders ineligible anyone believed to have been "an illicit trafficker in any controlled substance or in any listed chemical ... or ... a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking").

Accordingly, the Court finds that this action is moot and it will be dismissed.

## C. Doctrine of consular nonreviewability precludes review of Plaintiffs' Visa Application

■ Defendants also argue that to the extent Plaintiffs seek judicial review of the denial of Engjell Kodra's Visa Application, such review is impermissible. Doc. 17, pp. 10–13. Although this action will be dismissed for Plaintiffs' failure to present a justiciable claim, to the extent that Plaintiffs are indeed seeking review of the refusal of the Visa Application, the Court will examine this argument.

Courts have consistently held that a consular officer's decision regarding an immigrant visa application is not subject to judicial review. *See Kleindienst,* 408 U.S. at 769–70, 92 S.Ct. 2576 ("We hold that when the Executive exercises this power [to make policies and rules for exclusion of aliens] negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of

that discretion, nor test it"); *Li Hing of Hong Kong, Inc. v. Levin,* 800 F.2d 970, 971 (9th Cir.1986) ("[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review."); *Burrafato v. United States Dept. of State,* 523 F.2d 554, 556 n. 2 (2d Cir.1975) (recognizing that the court would lack jurisdiction to review denial of visa application by consulate in Italy).

In 2006, the Eleventh Circuit affirmed the doctrine of consular nonreviewability in the context of reviewing a visa application, and denied arguments similar to those Plaintiffs raise in response to Defendants' Motion to Dismiss. *De Castro,* 164 Fed.Appx. at 933. In *De Castro,* petitioner appealed the district court's dismissal for lack of subject matter jurisdiction of his petition for a writ of mandamus, which sought to compel defendants to process his wife's visa application and issue her a visa. *Id.* at 931. The Eleventh Circuit rejected petitioner's argument that the doctrine of consular nonreviewability did not apply because he alleged a generalized constitutional due process violation. *Id.* at 933. Further, the Eleventh Circuit reiterated that the Administrative Procedure Act did not confer subject matter jurisdiction. *Id.* at 933–34 (citing *Haitian Refugee Center, Inc. v. Baker,* 953 F.2d 1498, 1507 (11th Cir.1992) (given "Congress' intent to preclude judicial review of administrative determinations concerning aliens who have never presented themselves at the borders of the country ... [r]eview under the APA would be inconsistent with that intent.")). In the instant action, Plaintiffs argue that Leonard Kodra's due process rights are implicated because the government's deni-

out in the law or implementing regulations. The term 'reason to believe', as used in INA 221(g), shall be considered to require a determination based upon facts or circumstances which would lead a reasonable person to conclude that the applicant is ineligible to receive a visa as provided in the INA and as implemented by the regulations." *See* 22 C.F.R. § 40.6.

al failed to provide an opportunity to "confront any adverse evidence", and that Leonard Kodra has a right to live with his aging father and "freedom of choice in his family life has been impinged." Doc. 20, pp. 9–10. Plaintiffs' arguments against the application of consular nonreviewability in this case are wholly unsupported.

Pursuant to the doctrine of consular nonreviewability, particularly in light of the Eleventh Circuit's decision in *De Castro*, the Court lacks jurisdiction to review the denial of the Visa Application.[10]

Accordingly, it is hereby **ORDERED and ADJUDGED:**

1. Defendants' Motion to Dismiss Complaint (Doc. 17) is **GRANTED.**

2. Plaintiffs Engjell Kodra and Leonard Kodra's Complaint, seeking issuance of a writ of mandamus pursuant to 5 U.S.C. § 706(1) (Doc. 1) is **DISMISSED with prejudice.**

3. The clerk is directed to terminate all pending motions and close this file.

10. Thus, if Plaintiffs are attempting to seek review of the denial of Engjell Kodra's Visa Application, despite contradictory allegations in the Complaint that no action had been taken at the time of filing, such a claim would be dismissed for lack of subject matter jurisdiction pursuant to the doctrine of consular nonreviewability.