**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILARIO RIVAS,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>JANET NAPOLITANO, Director, U.S.<br>Department of Homeland Security;<br>MICHAEL AYTES, Acting Director of<br>U.S. Citizenship and Immigration<br>Services; DAVID DOUGLAS, USCIS<br>Los Angeles Field Office Director,<br>Los Angeles District Office USCIS;<br>ERIC H. HOLDER, JR., Attorney<br>General, U.S. Attorney General;<br>JOHN F. KERRY,* U.S. Department of<br>State; RAYMOND MCGARTH, U.S.<br>Consul General for Ciudad Juarez,<br>Mexico,<br>*Defendants-Appellees*. | No. 09-56843<br><br>D.C. No.<br>2:09-cv-03287-<br>VBF-MAN<br><br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

---

\* John F. Kerry is substituted for his predecessor, Hillary Rodham
Clinton, as Secretary of State. Fed. R. App. P. 43(c)(2).

Submitted February 11, 2011[**]
Pasadena, California

Filed April 25, 2012
Amended March 28, 2013

Before: Harry Pregerson, Kim McLane Wardlaw,
and Carlos T. Bea, Circuit Judges.

Order;
Opinion by Judge Pregerson;
Partial Concurrence and Partial Dissent by Judge Bea

## SUMMARY[***]

### Immigration

The panel affirmed in part and vacated in part and remanded the district court's dismissal for lack of subject matter jurisdiction of Hilario Alfonso Rivas's action for an order to compel the government to act upon his Form I-601 Permission to Reapply for Admission and his letter requesting reconsideration of the denial of his Application for Immigrant Visa and Alien Registration Form. The panel held that the consular official had a "facially legitimate and bona fide reason" for rejecting Rivas's Form I-601, and affirmed the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

district court's dismissal of those claims. The panel found, however, that the district court erred in finding that the doctrine of consular nonreviewability applied to the consulate's inaction on Rivas's request for reconsideration. The panel held that the "facially legitimate and bona fide reason" exception did not apply to the request for reconsideration because the government took no action on the request. The panel held that for the same reason, the "fail to take action" exception described in *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997) may apply, and vacated the dismissal as to the claims concerning the request for reconsideration. The panel remanded for the district court to determine in the first instance whether it has jurisdiction under the Mandamus Act, the Administrative Procedure Act, and the Declaratory Judgment Act.

Judge Bea, concurring in part and dissenting in part, would affirm the district court's order dismissing Rivas's claims for lack of subject matter jurisdiction. Judge Bea agreed with the majority that the district court correctly concluded that the doctrine of consular nonreviewability prevents the federal courts from reviewing Rivas's Form I-601. Judge Bea, however, would conclude that because Rivas admitted he violated the law which prohibits alien smuggling, consular nonreviewability also deprives the courts of subject matter jurisdiction to review his letter requesting reconsideration.

_____

**COUNSEL**

Brian D. Lerner and Christopher A. Reed, Law Offices of Brian D. Lerner, APC, Long Beach, California for Plaintiff-Appellant.

Scott M. Marconda, Office of Immigration Litigation, District Court Section, United States Department of Justice, Washington, D.C. for Defendants-Appellees.

## ORDER

The opinion for *Rivas v. Napolitano*, 677 F.3d 849 (9th Cir. 2012), filed on April 25, 2012, is amended as follows at page 851, column A, lines 7–9:

Remove <the government denies a visa without a ''facially legitimate and bona fide reason.''>

Insert in its place <''a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner'' without a ''facially legitimate and bona fide reason'' for the denial.>

## OPINION

PREGERSON, Circuit Judge:

Hilario Alfonso Rivas ("Rivas") and his daughter Lorena Rivas appeal the district court's order granting Defendants' motion to dismiss for lack of subject matter jurisdiction. Rivas submitted an application for an immigrant visa based on an approved I-130 petition filed by his daughter. The United States Consulate in Ciudad Juarez, Mexico, denied Rivas's immigrant visa application. Rivas moved the district court for an order compelling the Defendants to act upon Rivas's Permission to Reapply for Admission ("Form I-601")

and his letter requesting reconsideration of the denial of his Application for Immigrant Visa and Alien Registration Form.[1] The district court found that the doctrine of consular nonreviewability deprived the court of subject matter jurisdiction to review the consular official's discretionary decisions. The district court also found that it had no jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, or the Declaratory Judgment Act, 5 U.S.C. § 702. We affirm in part, vacate in part, and remand to the district court.

## I.   Consular Nonreviewability

Federal courts are generally without power to review the actions of consular officials. *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). However, at least two exceptions to this rule exist. First, a court has jurisdiction to review a consular official's actions "when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion." *Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997). Second, the court has jurisdiction to review a consular official's actions when "a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner" without a "facially legitimate and bona fide reason" for the denial. *Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008).

---

[1] Although Rivas styled his letter to the Consular General as a "Motion to Reopen," the letter is not a "Motion" but instead constitutes a request for reconsideration of his visa application.

## II.  Rivas's Form I-601

The district court correctly concluded that neither of the exceptions to the doctrine of consular nonreviewability apply to Rivas's Form I-601.  *See Li Hing of Hong Kong*, 800 F.2d at 971.  The district court concluded that the Defendants submitted evidence that shows that a consular officer rejected Rivas's Form I-601 on February 5, 2008, and Rivas does not contend otherwise.  Because the consular official was required only to accept or reject Rivas's Form I-601, and he rejected it, *Patel*'s "fail to take action" exception does not permit us to entertain Rivas's Form I-601 claim.

Nor did the district court err by finding that there is a "facially legitimate and bona fide reason" for the consular official's rejection of Rivas's Form I-601.  The consular official based his decision to reject Rivas's immigrant visa application on Rivas's purported admission to violating Immigration and Nationality Act ("INA") § 212(a)(6)(E), which provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  8 U.S.C. § 1182(a)(6)(E).  While Rivas contends that he never admitted to violating § 212(a)(6)(E), in his complaint, however, he admits to being arrested on such a charge.  Moreover, Rivas also "failed to allege that the consular official did not in good faith believe the information he had."  *Bustamante*, 531 F.3d at 1062.  Thus, the consular official had a "facially legitimate and bona fide reason" for rejecting Rivas's Form I-601.  *Id.* at 1060.  We therefore affirm the district court's dismissal of Rivas's claims as to the Form I-601 for lack of subject matter jurisdiction.

### III.    Rivas's Request for Reconsideration

The district court erred, however, in its finding that the doctrine of consular nonreviewability applies to the consulate's inaction on Rivas's request for reconsideration. The "facially legitimate and bona fide reason" exception does not apply to Rivas's request for reconsideration because the government took no action on the request.[2]  For the same reason, however, the "fail to take action" exception described in *Patel* may apply.

The regulation found at 22 C.F.R. § 42.81(e), that governs the procedure in refusing individual visas, is applicable here. It states:

> Reconsideration of refusal.  If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case *shall* be reconsidered.  In such circumstance, an additional application fee shall not be required.

(emphasis added).  The mandatory language used in the regulation makes the act of reconsideration non-discretionary

---

[2] Unlike the Form I-601, Rivas's letter requesting reconsideration of his immigrant visa application was never acted upon because the government claims not to have received it.  Rivas, however, claims that he submitted the letter and offers a United States Postal Service Label/Receipt Number and a "signed-for" signature as proof that it was received.  The district court's order assumes, without deciding, that the U.S. Consulate accepted Rivas's letter.  We leave it to the district court to make this factual determination.

when the applicant within a one year period from the denial of a visa "adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based . . . ." *Id*. Once this is done, consular officials have a duty to reconsider a case and must take action.

Because 22 C.F.R. § 42.81(e) by its plain terms imposes a nondiscretionary, ministerial duty to reconsider the denial of a visa application when the applicant adduces further evidence tending to overcome the ground of ineligibility, the district court has subject matter jurisdiction under the Mandamus Act where the government fails to comply with the regulation. *See* 28 U.S.C. § 1361; *Patel*, 134 F.3d at 931. Moreover, because the consulate's attention to requests for reconsideration that fall within 22 C.F.R. § 42.81(e) is legally required, that action may be compelled under the APA. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (the "only agency action that can be compelled under the APA is action legally *required*"). Similarly, because resolution of claims for mandamus relief would require implementation of federal regulations, thereby providing a federal question, violations of 22 C.F.R. § 42.81(e) give rise to subject matter jurisdiction under the Declaratory Judgment Act. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005).

Rivas submitted his request for reconsideration on August 5, 2008, less than one year after the January 2, 2008 refusal of his visa application. With his request for reconsideration, Rivas submitted records showing arrests—but not convictions—for conspiracy to commit alien smuggling and for harboring illegal aliens. The original rejection of Rivas's immigration visa application was premised on Rivas's alleged admission to alien smuggling, in violation of INA

§ 212(a)(6)(E). Defendants, however, have failed to provide any evidence regarding the details of Rivas's purported admission,[3] nor attempted to prove that the supposed admission was valid.[4] *See Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1215–16 (9th Cir. 2002). Rivas may have admitted only to a 1974 *arrest* for attempted smuggling, not to conduct that constitutes the essential elements of the crime.

If it is true that his admission was only as to the arrest, and there is no evidence that Rivas actually committed, or was convicted of, alien smuggling, then Rivas has submitted "evidence tending to overcome the ground of ineligibility on which the refusal was based" and his case must be reconsidered. 22 C.F.R. § 42.81(e).[5] On the other hand, if it

---

[3] Nor does the government provide any proof that Rivas admitted to attempting to smuggle someone other than his spouse, parent, son, or daughter, thereby making him ineligible for a humanitarian waiver under 8 U.S.C. § 1182(d)(11).

[4] The BIA has adopted a three part test for the acceptance of an admission in the immigration context: (1) the admitted conduct must constitute the essential elements of the crime; (2) the applicant must have been provided with a definition and the essential elements of the offense prior to his admission; and (3) the admission must be voluntary. *See Pazcoguin*, 292 F.3d at 1215–16. We express no opinion on whether the BIA standard applies to the consular interview context.

[5] Defendants' argument that 22 C.F.R. § 42.81(e) does not compel reconsideration of applications where an applicant was deemed to have an "unwaivable ineligibility" is unconvincing. Persons convicted of murder have a non-waivable ineligibility for a visa, but if an applicant found ineligible on the basis of a murder conviction could later submit evidence that the conviction had been vacated, such evidence would tend to overcome the ground of ineligibility. In any event, Rivas would be eligible for a humanitarian waiver under 8 U.S.C. § 1182(d)(11) if he attempted to smuggle his spouse, parent, son, or daughter. If Rivas had

is true that Rivas admitted his arrest in his consular interview, then the additional evidence submitted by Rivas would not tend to overcome the ground of ineligibility on which his refusal was based, 22 C.F.R. § 42.81(e) would not apply, and we would lack jurisdiction over his appeal.

The record on appeal is insufficient for us to determine whether jurisdiction exists in this case because there is no evidence as to what Rivas actually said in his consular interview.[6] Because the jurisdictional questions in this appeal overlap completely with the merits of the question remaining in this case (namely, whether the consulate violated 22 C.F.R. § 42.81(e)), dismissal for lack of subject matter jurisdiction was not appropriate. Such a dismissal is proper only "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citation and quotation marks omitted). Therefore, we vacate the district court's dismissal of Rivas's claims concerning the request for reconsideration and remand for the district court to determine in the first instance whether the court has jurisdiction. "To the extent that the jurisdictional facts are disputed on remand, the parties should be allowed to conduct discovery for the limited purpose of establishing

produced evidence that any smuggling he had admitted to was of a spouse, parent, son, or daughter, such a submission would clearly fall within the boundaries of 22 C.F.R. § 42.81(e).

[6] The only evidence offered by Defendants on this point is the Declaration of Santiago M. Burciaga, which states that "the consular officer determined that Mr. Rivas Lopez is inadmissible as a matter of law, having admitted to a violation of 8 U.S.C. § 1182(a)(6)(E)." This hearsay statement is insufficient to prove that Rivas in fact admitted to the alleged violation.

jurisdictional facts before the claims can be dismissed." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992). Because disputes exist over (1) whether the consulate received Rivas's letter containing his motion to reopen and (2) whether Rivas admitted to smuggling in his consular interview on January 2, 2008, "the intertwined jurisdictional facts must be resolved at trial by the trier of fact." *Rosales v. U.S.*, 824 F.2d 799, 803 (9th Cir. 1987).

\* \* \*

For the foregoing reasons, we AFFIRM the district court's order dismissing Rivas's claims as to Form I-601 and VACATE that part of the district court's order dismissing Rivas's claims as to his request for reconsideration. We REMAND for the district court to consider whether it has jurisdiction under the Mandamus Act, the APA, and the Declaratory Judgment Act. We remand to the district court for further proceedings consistent with the views expressed in this opinion. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

BEA, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court correctly concluded that the doctrine of consular nonreviewability prevents the federal courts from reviewing Rivas' Permission to Reapply for Admission ("Form I-601"). But I would conclude, as did the district court, that because Rivas admitted he violated the law which prohibits alien smuggling,

consular nonreviewability also deprives us of subject matter jurisdiction to review Rivas' letter requesting reconsideration of the denial of his Application for Immigrant Visa and Alien Registration Form ("Reconsideration Letter"). Thus, I respectfully dissent.

As the majority states, the federal courts generally do not have jurisdiction to review the actions of consular officials. *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). This is known as the doctrine of consular nonreviewability. As an exception to the doctrine, a court has jurisdiction to review consular actions "when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion." *Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997). Federal regulations govern the procedure in refusing individual visas:

> Reconsideration of refusal. If a visa is refused, and the applicant within one year from the date of refusal *adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered.* In such circumstance, an individual application fee shall not be required.

22 C.F.R. § 42.81(e) (emphasis added).

Rivas' visa application was denied because he admitted to a violation of alien smuggling laws in his consular interview. In his Reconsideration Letter, Rivas submitted documents to the consulate showing that Rivas was *arrested* for conspiracy to commit alien smuggling. The documents

also show that Rivas was not *convicted* of alien smuggling. But did the documents "tend[] to overcome the ground of ineligibility" on which the denial of Rivas' visa was based? Quite the contrary: Rivas failed to rebut his own admission he had smuggled aliens into the United States.

Rivas then filed an action in mandamus, declaratory relief and other claims in the Central District of California. Nowhere in the complaint does Rivas deny smuggling aliens. In the facts section, Rivas states that he "was ordered deported on June 2, 1973," and that when he returned to the United States in 1974, he "was *arrested* for conspiracy to commit alien smuggling and harboring aliens." (emphasis added.) Indeed, Rivas appears to admit some violation of law *in his complaint*: "The one incidence of removal in 1974 should be afforded little weight . . . Plaintiff has provided show [sic] the government with evidence that he has been rehabilitated and has been law abiding in the years following this incident."

Defendants filed a Motion to Dismiss under, *inter alia*, Fed. R. Civ. P. 12(b)(1). Defendants' main argument was straightforward:

> There is nothing to adjudicate . . . Because the consular officer determined that Mr. Rivas was involved in alien smuggling of persons other than his spouse, parent, so, or daughter, he did not qualify [for a visa] . . . The Court is without jurisdiction under the doctrine of consular nonreviewability to review the actions of the consular officer in denying the visa application, and lacks jurisdiction to

compel the State Department to reopen its decision to deny the visa.

In support of the Motion to Dismiss, Defendants submitted the declaration of Santiago M. Burciaga, the Chief of Immigrant Visas at the Ciudad Juarez consulate ("Burciaga Declaration").[1]  Burciaga stated: "[Rivas] was denied an immigrant visa on January 2, 2008.  The consular officer determined that [Rivas] is inadmissible as a matter of law, having admitted to a violation of 8 U.S.C. § 1182(a)(6)(E)."[2,3] Rivas filed an opposition to the Motion to Dismiss, but did not object to, or even mention, the Burciaga Declaration.  He merely concluded that "the record does not establish that he is inadmissible under section 212(a)(6)(E) of the [INA]."  Nor did Rivas claim on appeal it was error to admit into evidence the Burciaga Declaration.

The nondiscretionary duty to reconsider a visa refusal, under 22 C.F.R. § 42.81(e), is triggered only when the

---

[1] In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider "affidavits or any other evidence properly before the court."  *Sommatino v. United States*, 255 F.3d 704, 710 n.3 (9th Cir. 2001).

[2] 8 U.S.C. § 1182(a)(6)(E) provides: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

[3] Regarding Rivas' admission, the consular official also determined that "no waiver provision exists" under 8 U.S.C. § 1182(d)(11).  Such discretionary waivers are available "if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law."  *Id.*

applicant adduces evidence tending to overcome the ground of ineligibility.  The ground of ineligibility upon which the visa refusal was based was that Rivas had violated the law prohibiting alien smuggling.  The evidence Rivas adduced to overcome that ground was that although he had been *arrested* for alien smuggling, he had not been *convicted* of alien smuggling.

The problem with the sufficiency of his proof is that 8 U.S.C. § 1182(a)(6)(E) does not make ineligible for visas only those who have been *convicted* of alien smuggling.  It bars those who have *committed* alien smuggling, regardless whether they have escaped conviction.  Unfortunately for him, Rivas had already *admitted* he had committed alien smuggling in violation of section 1182(a)(6)(E), prior to his Reconsideration Letter.

The sole remaining point to be discussed is whether the record evidence proves that Rivas indeed did admit to alien smuggling.

The majority opinion's arguments that Rivas did not admit to alien smuggling are unconvincing.

First, the majority states that Defendants "have failed to provide any evidence regarding the details of Rivas's purported admission."  Majority Op. at 9.  But if the evidence in the record shows that Rivas *admitted* to violating the alien smuggling statute, what further "details" would be relevant to a consular official's decision not to grant a visa account the

applicant violated the law against alien smuggling?[4]   The majority does not grace us with what "details" are necessary to support Rivas admission nor, of course, *any* case or statute authority that requires such "details."

The majority next states that Defendants have failed to prove that Rivas' admission was "valid."  Majority Op. at 9 (citing *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1215–16 (9th Cir. 2002).[5]  *Pazcoguin* dealt with admissions made by aliens in the deportation context.  In that context, BIA case law established three requirements for valid admissions: the admitted conduct must constitute the essential elements of a crime, the party making the admission must have been provided with a definition and essential elements of the crime, and the admission must be voluntary.  *Id.*  In the context of the immigration courts, where there are detailed procedural safeguards, such requirements are understandable.  However, the majority has not presented any authority for the proposition that such requirements apply to the conduct of

---

[4] The majority also criticizes the government for failing to "provide any proof that Rivas admitted to attempting to smuggle someone other than his spouse, parent, son, or daughter, thereby making him inelgible for a humanitarian waiver under 8 U.S.C. § 1182(d)(11)."  Majority Op. at 9.  Wrong.   The Burciaga Declaration explicitly states that "no waiver provision exists per INA § 212(d)(11) (8 U.S.C. § 1182(d)(11)."

[5] *Pazcoguin* asked whether petitioner "admit[ted] committing acts which constitute the essential elements . . . of a violation of . . . any law or regulation of . . . a foreign country relating to a controlled substance . . . ." 292 F.3d at 1213 (edits in original).  The petitioner was granted an immigrant visa as the unmarried son of a lawful permanent resident, but upon entry to the United States, an IJ found him excludable based on statements admitting marijuana use while in the Philippines.  *Id.* at 1212. The BIA dismissed petitioner's appeal, and the Ninth Circuit denied the petition for review, holding Pazcoguin's admission valid.  *Id.* at 1219.

consular officers interviewing visa applicants.[6]  Consular interviews are very different from deportation proceedings, a fact highlighted by the doctrine of consular nonreviewability. The consulate's discretionary decision whether to grant a visa is unlike an Immigration Judge's decision, based on detailed laws and regulations, whether an alien is to be deported.

As was the case with its requirement of "details" to validate the admission, the majority fails to state what provision of law requires the government to prove that an admission of facts establishing inadmissibility before a consular official is "valid"—much less what constitutes the elements of when an admission is "valid."  Certainly, *Pazcoguin* is of no help to such an argument.  Besides taking place in a totally different context, Pazcoguin's admission *was* valid enough to exclude him from admission even *after* he had been granted a visa.  *See infra* note 4.  If general standards by which an admission can be questioned as "valid" are invoked—such as force, coercion or hoodwinking—I can see nothing in the record to suggest that Rivas was so dealt with by the Juarez consular officials.  Certainly, the majority do not cite any such record evidence, nor did Rivas even claim that to be the fact in his district court papers or his brief on appeal.

Indeed, Rivas did not say one word about his admission of alien smuggling detailed in Burciaga's declaration.  Not in the district court; not in his briefs on appeal.  *Even Rivas* does not claim his admission to alien smuggling is not "valid."  It is thus quite difficult to understand the majority's dismissal

---

[6] The majority states: "We express no opinion on whether the BIA standard applies to the consular interview context."  Majority Op. at 9  If that is so, why cite *Pazcoguin*?

of Rivas' admission on the ground it was not proved "valid," whatever that might mean.

The majority criticizes the Burciaga Declaration as a "hearsay statement [that] is insufficient to prove that Rivas in fact admitted to the alleged violation." Majority Op. at 10.

First, the majority's characterization of the Burciaga Declaration as "hearsay" is plainly and demonstrably wrong. Rivas' admission is not hearsay. Under Fed. R. Evid. 801(d)(2)(A), a statement "offered against an opposing party" that "was made by the party" is not hearsay. Rivas' admission, offered against him here, is an "admission by a party-opponent," and is thus not hearsay under the Federal Rules of Evidence.

The majority would have a better argument if it characterized Burciaga's statement as lacking foundation or personal knowledge. Under Fed R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Indeed, the Burciaga Declaration mentions "[t]he consular officer" who interviewed Rivas. Since it appears ambiguous whether Burciaga, who is the Chief of Immigrant Visas at the Ciudad Juarez Consulate, was that "consular officer" who himself interviewed Rivas, Burciaga may have lacked personal knowledge of Rivas' admission.

However, Rivas never objected to the admission of the Burciaga Declaration on grounds of lack of personal knowledge, nor indeed on any other grounds. Thus, it became permissible evidence on the Motion to Dismiss for lack of subject matter jurisdiction. *See, e.g.*, *Pfingston v.*

*Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) ("In order to preserve a hearsay objection, a party must either move to strike the affidavit or otherwise lodge an objection with the district court."). Further, had Rivas objected to the Burciaga Declaration below, Defendants could perhaps have cured any deficiencies by submitting an affidavit from the consular officer who actually interviewed Rivas, if he was someone other than Burciaga. Rivas' failure so to object deprived Defendants of that opportunity.

Next, the majority's characterization of the Burciaga Declaration as "insufficient" to prove Rivas' admission is puzzling. Majority Op. at 10. The majority devotes one sentence to dismissing the Burciaga Declaration, so it is difficult to divine what it means by "insufficient." Does the majority mean that one witness to Rivas' admission is insufficient proof? Surely that is incorrect. It is axiomatic that the testimony of one credible witness is sufficient to prove the truth of any fact testified to. *See, e.g.*, 3 Fed. Jury Prac. & Instr. § 10454 ("The weight of the evidence is not necessarily determined by the number of witnesses . . . You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary."); Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 3.1 (2009) ("The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.").[7]

---

[7] I can think of only one crime for which the testimony of more than one witness is required, and that is because of the explicit mandate of the United States Constitution. "No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on

Last, the majority notes that where the "jurisdictional questions in this appeal overlap completely with the merits of the question remaining in this case . . ., dismissal for lack of subject matter jurisdiction was not appropriate." Majority Op. at 10. It is true that the merits of this case overlap with the jurisdictional question: both issues hinge on whether the consulate had a nondiscretionary duty to act based on additional materials submitted by Rivas. But the case the majority cites for its conclusion that dismissal is not warranted actually supports quite the opposite conclusion. In *Roberts v. Corrothers*, we said:

> A court may not resolve *genuinely disputed facts* where the question of jurisdiction is dependent on the resolution of factual issues going to the merits. In such a case, the district court assumes the truth of allegations in a complaint or habeas petition, unless controverted by *undisputed facts in the record*.

812 F.2d 1173, 1177 (9th Cir. 1987) (citations and quotation marks omitted) (emphasis added). Whether Rivas admitted to alien smuggling is not a genuinely disputed fact, but rather an admitted-by-petitioner *undisputed* fact in *this* record.

\* \* \*

For the above reasons, I would affirm the district court's order dismissing Rivas' claims for lack of subject matter jurisdiction.

---

Confession in open Court." U.S. Const. art. III, § 3, cl. 1. Treason is not at issue here.