**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TANIA GOLKAR,

        Plaintiff - Appellant,

  v.

JOHN KERRY, United States Secretary of State; et al.,

        Defendants - Appellees.

No. 11-57044

D.C. No. 2:11-cv-04845-JFW-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 10, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, Senior District Judge.[**]

       Plaintiff-Appellant Tania Golkar ("Ms. Golkar") appeals the district court's

order granting Defendant-Appellee Kerry's motion to dismiss for failure to state a

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.

claim and for lack of subject matter jurisdiction pursuant to the doctrine of consular nonreviewability. We have jurisdiction to review a final decision of the district court pursuant to 28 U.S.C. § 1291, and we reverse and remand.

On December 23, 2005, Ms. Golkar, a United States citizen, filed Immigrant Visa Petitions (Form I-130) on behalf of her father ("Mr. Golkar") and mother, both dual citizens of Canada and Iran. The immigrant visa petitions were approved. In April 2007, Ms. Golkar's parents applied for immigrant visas with the United States Consulate in Abu Dhabi, United Arab Emirates. Ms. Golkar's mother was issued an immigrant visa by the State Department in November 2007, and she immigrated to the United States.

On March 25, 2008, the Consulate denied Mr. Golkar's immigrant visa pursuant to Immigration and Nationality Act ("INA") § 212(a), codified at 8 U.S.C § 1182(a).[1]

Ms. Golkar requested additional information from the State Department regarding the denial of her father's visa application, but she received no additional

---

[1] Ms. Golkar's complaint states that her father's visa "was denied by the Consulate under section 212(a)(3)(A)(1)," but she contends in her briefs that the Consulate's March 2008 denial did not specify the subsection of § 212(a) on which the denial was based. For purposes of this appeal, we construe the facts in the light most favorable to Ms. Golkar and assume that the Consulate did not specify a subsection of § 212(a) [§ 1182(a)] in its March 2008 denial, that specificity coming only in 2010. *See infra.*

information. It was not until August 4, 2010, over two years after her father's visa application was denied, and only after she appealed to Congressman Henry Waxman for assistance, that she found out from Congressman Waxman's office that her father's visa was specifically denied pursuant to INA § 212(a)(3)(A)(1).[2]

In 2011, Ms. Golkar filed a complaint in federal court seeking declaratory relief, injunctive relief, and a writ of mandamus. The government moved to dismiss Ms. Golkar's complaint, asserting that the district court lacked subject matter jurisdiction and the complaint failed to state a claim upon which relief can be granted, citing the doctrine of consular nonreviewability. The district court granted the government's motion to dismiss for "the reasons set forth in Defendants' Motion to Dismiss and Reply." The district court dismissed without leave to amend and with prejudice.

Federal courts are generally without jurisdiction to review the actions of

---

[2] INA § 212(a)(3)(A)(1) is not a valid code section. INA § 212(a)(3)(A), codified at 8 U.S.C. § 1182(a)(3)(A), however, states:

> Any alien who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in (i) any activity (I) to violate any law of the United States relating to espionage or sabotage or (II) to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information . . . is inadmissible.

consular officials. *See Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). Nevertheless, courts have identified at least two exceptions to this rule: (1) when the "suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion," and (2) "when a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner without a facially legitimate and bona fide reason for the denial." *Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013) (internal quotation marks omitted). Here, the court has jurisdiction to review under the first exception, because the consular officer failed to take a mandatory action as required by 22 C.F.R. § 42.81(b) and (e).

The consular officer here failed to take a mandatory action to inform Ms. Golkar and her father "of the provision of law or implementing regulation on which the refusal" of the visa was "based and of any statutory provision of law or implementing regulation under which administrative relief [wa]s available." 22 C.F.R. § 42.81(b). A citation to § 1182(a) alone did not inform Ms. Golkar and her father of the provision of law on which the visa refusal was based and of any

4

statutory or regulatory provisions under which relief was available.[3]

Under 22 C.F.R. § 42.81(e), the consular officer is obligated to reconsider a case if "the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based." 22 C.F.R. § 42.81(e); *see also Rivas*, 714 F.3d at 1111. Section 1182(a), however, is over 7,000 words long and includes hundreds of reasons why an alien may be found inadmissible. The citation to § 1182(a) thus did not provide any hint of the actual reason for finding Mr. Golkar inadmissible. Without a more specific reason why Mr. Golkar was found inadmissible, it was impossible for him to "adduce[] further evidence tending to overcome the ground of ineligibility on which the refusal was based." 22 C.F.R. § 42.81(e). Thus, Mr. Golkar was unable

---

[3] The government argues that, under 8 U.S.C. § 1182(b)(3), a consular officer is not required to provide *any* written "notice stating the determination or listing the specific provision or provisions of law under which that alien is inadmissible if the alien is inadmissible under 8 U.S.C. §§ 1182(a)(2) or (3)." However, we held in *Din v. Kerry*, 718 F.3d 856, 865 (9th Cir. 2013), that 8 U.S.C. § 1182(b) "simply creates a statutory right to information, and limits the scope of that right." This limited statutory right does not preclude a regulation, such as 22 C.F.R. § 42.81(b), from requiring that a consular officer provide more information when refusing an immigration visa. *See Din*, 718 F.3d at 864 ("State Department regulations require consular officers to 'inform the applicant of the provision of law or implementing regulation on which the refusal is based and of any statutory provision of law or implementing regulation under which administrative relief is available,' 22 C.F.R. § 42.81(b), and make no exception for denials based on § 1182(a)(2) or (a)(3).").

5

to ask for reconsideration of the visa refusal within one year, as required by 22 C.F.R. § 42.81(e).

It is no help that the Golkars were provided with a more specific statutory ground for Mr. Golkar's inadmissibility *two years after* the denial of his visa. First, the information came over a year too late for Mr. Golkar to ask for a reconsideration of the visa refusal pursuant to 22 C.F.R. § 42.81(e). Second, the information came from Congressman Waxman's office, not from the consular officer, as required by 22 C.F.R. § 42.81(b).

Because the consular officer failed to take a mandatory action, this court has jurisdiction to review Ms. Golkar's claims.[4] We therefore remand Ms. Golkar's claims for further proceedings, with instructions to the district court to require the consular officer to state the specific subsection of § 1182(a) under which Mr. Golkar's visa was denied and to reinstate the year-long period for reconsideration under 22 C.F.R. § 42.81(e).

**REVERSED and REMANDED.**

---

[4] Because we find jurisdiction pursuant to the first exception to consular nonreviewability, we need not address the second exception.