**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALMA LUPE BUSTAMANTE; JOSE
JESUS BUSTAMANTE,
        *Plaintiffs-Appellants,*

        v.

MICHAEL MUKASEY, Attorney
General; MICHAEL CHERTOFF,
Secretary, Department of
Homeland Security; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; AL GALLMAN, Acting
District Director, Phoenix; DRUG
ENFORCEMENT AGENCY; KAREN
TANDY, Administrator;
CONDOLEEZZA RICE, Secretary of
State; MAURICE PARKER, Consul
General of the United States, City
of Ciudad Juarez, Mexico; ERIC
CRUZ, United States Consular
Official, in his official and
individual capacities,
        *Defendants-Appellees.*

No. 06-17228

D.C. No.
CIV-06-00052-
PHX-ROS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted
May 13, 2008—Pasadena, California

Filed July 9, 2008

8301

Before: Barry G. Silverman and Marsha S. Berzon,
Circuit Judges, and Roger T. Benitez,* District Judge.

Opinion by Judge Silverman

---

*The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

**COUNSEL**

Marc Van Der Hout and Beth Feinberg, Van Der Hout, Brigagliano & Nightingale, San Francisco, California, for the plaintiffs-appellants.

Daniel G. Knauss, Cynthia M. Parsons, and John Boyle, United States Attorney's Office for the District of Arizona, Phoenix, Arizona, for the defendants-appellees.

**OPINION**

SILVERMAN, Circuit Judge:

We hold today, as we did twenty-two years ago in *Li Hing of Hong King v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986), that ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review. However, when a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner, we undertake a highly constrained review solely to determine whether the consular official acted on the basis of a facially legitimate and bona fide reason. In this case, the consular official offered a facially valid reason for denying the visa: he had reason to believe that the visa applicant was a drug trafficker. Furthermore, it was not alleged that the consular official did not have a good faith belief in the truth of the information on which he relied.

I. FACTS

Alma Bustamante is a citizen of the United States and resides in Yuma, Arizona. Her husband, Jose Bustamante, is a citizen of Mexico and resides in San Luis Rio Colorado, Sonora, Mexico. Jose has a business in Mexico and for many years commuted between Mexico and the United States using a border-crossing card issued by the former Immigration and Naturalization Service.

Seeking to obtain lawful permanent resident status for her husband, Alma filed an immediate relative petition on Jose's behalf. Jose applied for an immigrant visa at the United States Consulate in Ciudad Juarez, Mexico. The Bustamantes were informed by Eric Cruz, a consular official, that the Consulate had reason to believe that Jose was trafficking in illegal drugs. By virtue of 8 U.S.C. § 1182(a)(2)(C), "[a]ny alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled

substance . . . is inadmissible." Cruz refused to reveal the information upon which this determination was based, asserting that the information was secret.

At a subsequent meeting in Mexico with officials of the U.S. Drug Enforcement Administration, Jose was asked to become an informant. The Bustamantes were told that if Jose agreed to cooperate, his problems obtaining a visa "would go away." The Bustamantes were also told that if Jose declined to cooperate, he would never obtain a visa and would never become a lawful permanent resident of the United States. Jose refused to become an informant, and his visa application was denied on March 25, 2003. Consular officials also revoked Jose's border crossing privileges.

In a letter dated September 9, 2003, Cruz replied to an inquiry sent by a lawyer representing the Bustamantes. In explaining the Consulate's decision, Cruz referred to a letter, dated March 5, 2003 and written by the "Resident Agent-in-Charge of our local Drug Enforcement Administration Office," that contained "derogatory information" to support the finding that there was reason to believe that Jose was a controlled substance trafficker.

On January 6, 2006, the Bustamantes filed an action in district court against Cruz and a number of other U.S. government officials, alleging that Jose has not trafficked in illegal drugs and that the consular officials improperly conditioned the granting of a visa on Jose's agreement to become an informant. The Bustamantes asserted in the complaint that they suffered a procedural due process violation as a result of the allegedly improper condition.

The defendants moved to dismiss and for summary judgment, asserting lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Noting that the defendants had provided a facially valid reason for the visa denial, the district court,

relying on *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970 (9th Cir. 1986), dismissed the complaint on the grounds that the decisions of consular officers to grant or deny visas are not subject to judicial review; all other motions were denied as moot. The Bustamantes timely appealed, asserting that the district court failed to recognize an exception to the doctrine of consular nonreviewability applicable where a U.S. citizen raises a constitutional challenge to the consular decision.

## II.   ANALYSIS

**[1]** "[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). However, courts have identified a limited exception to the doctrine where the denial of a visa implicates the constitutional rights of American citizens. *See, e.g., Adams v. Baker*, 909 F.2d 643, 647-48 (1st Cir. 1990); *Burrafato v. United States Dep't. of State*, 523 F.2d 554, 556-57 (2d Cir. 1975); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1163 (D.C. Cir. 1999). The exception is rooted in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), a suit brought by American citizens challenging on First Amendment grounds the exclusion of a Belgian national who was an advocate of "world communism." The Supreme Court specifically noted that an unadmitted and nonresident alien himself had no right of entry, and that the case came down to the "narrow issue" whether the First Amendment right to "receive information and ideas" conferred upon the American citizens the ability to compel Mandel's admission. *Mandel*, 408 U.S. at 762. The Court acknowledged that First Amendment rights were implicated, but emphasized the longstanding principle that Congress has plenary power to make policies and rules for the exclusion of aliens. *Id.* at 765-66. Noting that Congress had delegated to the executive conditional exercise of this power with regards to certain classes of excludable aliens, the Court held that "when the Executive exercises this power negatively on the basis of a facially legit-

imate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant." *Id.* at 770.

**[2]** Joining the First, Second, and D.C. Circuits, we hold that under *Mandel*, a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision. As long as the reason given is facially legitimate and bona fide the decision will not be disturbed. 408 U.S. at 770.[1] Here, Alma Bustamante asserts that she has a protected liberty interest in her marriage that gives rise to a right to constitutionally adequate procedures in the adjudication of her husband's visa application. The Supreme Court has deemed "straightforward" the notion that "[t]he Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause. *See Cleveland Bd of Educ. v. LaFleur,* 414 U.S. 632, 639-640 (1974); *see also Israel v. INS*, 785 F.2d 738, 742 n.8 (9th Cir. 1986). Presented with a

---

[1]We are unable to distinguish *Mandel* on the grounds that the exclusionary decision challenged in that case was not a consular visa denial, but rather the Attorney General's refusal to waive Mandel's inadmissibility. The holding is plainly stated in terms of the power delegated by Congress to "the Executive." The Supreme Court said nothing to suggest that the reasoning or outcome would vary according to which executive officer is exercising the Congressionally-delegated power to exclude. Moreover, holding that *Mandel* applies only to cases concerning the Attorney General's refusal to grant a waiver is inconsistent with those cases in which we have been asked to review a *consular official's* denial of a visa, and have cited *Mandel* in declining to do so. *See, e.g., Li Hing of Hong Kong, Inc.*, 800 F.2d at 971, *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981).

procedural due process claim by a U.S. citizen, we therefore consider the Consulate's explanation for the denial of Jose's visa application pursuant to the limited inquiry authorized by *Mandel*. Concluding that, on the record presented to us, the reason was both facially legitimate and bona fide, we affirm the judgment of the district court.

**[3]** As set forth in the complaint, Jose was denied a visa on the grounds that the Consulate "had reason to believe" that he was a controlled substance trafficker. This is plainly a facially legitimate reason, as it is a statutory basis for inadmissibility. 8 U.S.C. § 1182(a)(2)(C). The Bustamantes concede this, but note that the district court did not also address whether the reason given for the visa denial was bona fide as well as facially legitimate. They urge that in order to complete the analysis we must remand to the district court for factual development, during which the defendants will be required to present specific evidence to substantiate the assertion that Jose was a drug trafficker. We decline to do so, because the complaint fails to make an allegation of bad faith sufficient to withstand dismissal.

**[4]** While the Bustamantes alleged in their complaint that Jose is not and never has been a drug trafficker, they failed to allege that the consular official did not in good faith believe the information he had. It is not enough to allege that the consular official's information was incorrect. Furthermore, the Bustamantes' allegation that Jose was asked to become an informant in exchange for immigration benefits fails to allege bad faith; if anything, it reflects the official's sincere belief that Jose had access to information that would be valuable in the government's effort to combat drug trafficking. Moreover, the Bustamantes do not allege that Jose was asked to do anything illegal or improper. Under *Mandel*'s limited inquiry, the allegation that the Consulate was mistaken about Jose's involvement with drug trafficking, and offered to make a deal with Jose on the basis of this mistaken belief, fails to state a claim upon which relief could be granted.

**[5]** Nor does it appear that the defect can be cured by amending the complaint. The Bustamantes themselves provided the district court with a letter from the consular official identifying the head of the local DEA office as the source of his information that Jose was involved in drug trafficking. We express no opinion on the accuracy of this information; what is significant is that the consular official relied on a fellow government official assigned to investigate illicit drug trafficking. The evidence that Jose was involved in drug trafficking came from the agent in charge of the DEA office. The Bustamantes do not allege that the transfer of information between the DEA and the Consulate never took place, or that the Consulate acted upon information it knew to be false. On the record before us, there is no reason to believe that the consular officer acted on this information in anything other than good faith.

**[6]** The allegations in the complaint, taken as true, as well as evidence presented by the Bustamantes themselves, illustrate that the reason given by the consular official in support of the visa denial was both facially legitimate and bona fide. The district court's judgment is therefore AFFIRMED.