Opinion by Judge PREGERSON; Partial Concurrence and Partial Dissent by Judge BEA.
OPINION
PREGERSON, Circuit Judge:
Hilario Alfonso Rivas (“Rivas”) and his daughter Lorena Rivas appeal the district court’s order granting Defendants’ motion to dismiss for lack of subject matter jurisdiction. Rivas submitted an application for an immigrant visa based on an approved 1-130 petition filed by his daughter. The United States Consulate in Ciudad Juarez, Mexico, denied Rivas’s immigrant visa application. Rivas moved the district court for an order compelling the Defendants to act upon Rivas’s Permission to Reapply for Admission (“Form 1-601”) and his letter requesting reconsideration of the denial of his Application for Immigrant Visa and Alien Registration Form.[1] The district court found that the doctrine of consular nonreviewability deprived the court of subject matter jurisdiction to review the consular official’s discretionary decisions. The district court also found that it had no jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act (“APA”), 5 U.S.C. § 551 et seq., or the Declaratory Judgment Act, 5 U.S.C. § 702. We affirm in part, vacate in part, and remand to the district court.
I. Consular Nonreviewability
Federal courts are generally without power to review the actions of consular officials. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir.1986). However, at least two exceptions to this rule exist. First, a court has jurisdiction to review a consular official’s actions *851 “when [the] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul’s discretion.” Patel v. Reno, 134 F.3d 929, 931-32 (9th Cir.1997). Second, the court has jurisdiction to review a consular official’s actions when the government denies a visa without a “facially legitimate and bona fide reason.” Bustamante v. Mukasey, 531 F.3d 1059, 1060 (9th Cir.2008).
II. Rivas’s Form I-601
The district court correctly concluded that neither of the exceptions to the doctrine of consular nonreviewability apply to Rivas’s Form I-601. See Li Hing of Hong Kong, 800 F.2d at 971. The district court concluded that the Defendants submitted evidence that shows that a consular officer rejected Rivas’s Form I-601 on February 5, 2008, and Rivas does not contend otherwise. Because the consular official was required only to accept or reject Rivas’s Form I-601, and he rejected it, Patel’s “fail to take action” exception does not permit us to entertain Rivas’s Form I-601 claim.
Nor did the district court err by finding that there is a “facially legitimate and bona fide reason” for the consular official’s rejection of Rivas’s Form 1-601. The consular official based his decision to reject Rivas’s immigrant visa application on Rivas’s purported admission to violating Immigration and Nationality Act (“INA”) § 212(a)(6)(E), which provides that “[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible.” 8 U.S.C. § 1182(a)(6)(E). While Rivas contends that he never admitted to violating § 212(a)(6)(E), in his complaint, however, he admits to being arrested on such a charge. Moreover, Rivas also “failed to allege that the consular official did not in good faith believe the information he had.” Bustamante, 531 F.3d at 1062. Thus, the consular official had a “facially legitimate and bona fide reason” for rejecting Rivas’s Form I-601. Id. at 1060. We therefore affirm the district court’s dismissal of Rivas’s claims as to the Form I-601 for lack of subject matter jurisdiction.
III. Rivas’s Request for Reconsideration
The district court erred, however, in its finding that the doctrine of consular nonreviewability applies to the consulate’s inaction on Rivas’s request for reconsideration. The “facially legitimate and bona fide reason” exception does not apply to Rivas’s request for reconsideration because the government took no action on the request.[2] For the same reason, however, the “fail to take action” exception described in Patel may apply.
The regulation found at 22 C.F.R. § 42.81(e), that governs the procedure in refusing individual visas, is applicable here. It states:
Reconsideration of refusal. If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered. In such circumstance, an *852 additional application fee shall not be required.
(emphasis added). The mandatory language used in the regulation makes the act of reconsideration non-discretionary when the applicant within a one year period from the denial of a visa “adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based.Id. Once this is done, consular officials have a duty to reconsider a case and must take action.
Because 22 C.F.R. § 42.81(e) by its plain terms imposes a nondiscretionary, ministerial duty to reconsider the denial of a visa application when the applicant adduces further evidence tending to overcome the ground of ineligibility, the district court has subject matter jurisdiction under the Mandamus Act where the government fails to comply with the regulation. See 28 U.S.C. § 1361; Patel, 134 F.3d at 931. Moreover, because the consulate’s attention to requests for reconsideration that fall within 22 C.F.R. § 42.81(e) is legally required, that action may be compelled under the APA. See Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) (the “only agency action that can be compelled under the APA is action legally required ”). Similarly, because resolution of claims for mandamus relief would require implementation of federal regulations, thereby providing a federal question, violations of 22 C.F.R. § 42.81(e) give rise to subject matter jurisdiction under the Declaratory Judgment Act. See Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161-62 (9th Cir.2005).
Rivas submitted his request for reconsideration on August 5, 2008, less than one year after the January 2, 2008 refusal of his visa application. With his request for reconsideration, Rivas submitted records showing arrests — but not convictions — for conspiracy to commit alien smuggling and for harboring illegal aliens. The original rejection of Rivas’s immigration visa application was premised on Rivas’s alleged admission to alien smuggling, in violation of INA § 212(a)(6)(E). Defendants, however, have failed to provide any evidence regarding the details of Rivas’s purported admission,[3] nor attempted to prove that the supposed admission was valid.[4] See Pazcoguin v. Radcliffe, 292 F.3d 1209, 1215-16 (9th Cir.2002). Rivas may have admitted only to a 1974 arrest for attempted smuggling, not to conduct that constitutes the essential elements of the crime.
If it is true that his admission was only as to the arrest, and there is no evidence that Rivas actually committed, or was convicted of, alien smuggling, then Rivas has submitted “evidence tending to overcome the ground of ineligibility on which the refusal was based” and his case must be reconsidered. 22 C.F.R. § 42.81(e).[5] On *853 the other hand, if it is true that Rivas admitted his arrest in his consular interview, then the additional evidence submitted by Rivas would not tend to overcome the ground of ineligibility on which his refusal was based, 22 C.F.R. § 42.81(e) would not apply, and we would lack jurisdiction over his appeal.
The record on appeal is insufficient for us to determine whether jurisdiction exists in this case because there is no evidence as to what Rivas actually said in his consular interview.[6] Because the jurisdictional questions in this appeal overlap completely with the merits of the question remaining in this case (namely, whether the consulate violated 22 C.F.R. § 42.81(e)), dismissal for lack of subject matter jurisdiction was not appropriate. Such a dismissal is proper only “where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987) (citation and quotation marks omitted). Therefore, we vacate the district court’s dismissal of Rivas’s claims concerning the request for reconsideration and remand for the district court to determine in the first instance whether the court has jurisdiction. “To the extent that the jurisdictional facts are disputed on remand, the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed.” Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 713 (9th Cir.1992). Because disputes exist over (1) whether the consulate received Rivas’s letter containing his motion to reopen and (2) whether Rivas admitted to smuggling in his consular interview on January 2, 2008, “the intertwined jurisdictional facts must be resolved at trial by the trier of fact.” Rosales v. U.S., 824 F.2d 799, 803 (9th Cir.1987).
For the foregoing reasons, we AFFIRM the district court’s order dismissing Rivas’s claims as to Form 1-601 and VACATE that part of the district court’s order dismissing Rivas’s claims as to his request for reconsideration. We REMAND for the district court to consider whether it has jurisdiction under the Mandamus Act, the APA, and the Declaratory Judgment Act. We remand to the district court for further proceedings consistent with the views expressed in this opinion. Each party shall bear its own costs on appeal.
AFFIRMED IN PART, VACATED IN PART, and REMANDED.

. Although Rivas styled his letter to the Consular General as a "Motion to Reopen,” the letter is not a "Motion” but instead constitutes a request for reconsideration of his visa application.

. Unlike the Form 1-601, Rivas's letter requesting reconsideration of his immigrant visa application was never acted upon because the government claims not to have received it. Rivas, however, claims that he submitted the letter and offers a United States Postal Service Label/Receipt Number and a “signed-for'' signature as proof that it was received. The district court's order assumes, without deciding, that the U.S. Consulate accepted Rivas’s letter. We leave it to the district court to make this factual determination.

. Nor does the government provide any proof that Rivas admitted to attempting to smuggle someone other than his spouse, parent, son, or daughter, thereby making him ineligible for a humanitarian waiver under 8 U.S.C. § 1182(d)(l 1).

. The BIA has adopted a three part test for the acceptance of an admission in the immigration context: (1) the admitted conduct must constitute the essential elements of the crime; (2) the applicant must have been provided with a definition and the essential elements of the offense prior to his admission; and (3) the admission must be voluntary. See Pazcoguin, 292 F.3d at 1215-16. We express no opinion on whether the BIA standard applies to the consular interview context.

.Defendants' argument that 22 C.F.R. § 42.81(e) does not compel reconsideration of applications where an applicant was deemed to have an "unwaivable ineligibility” is unconvincing. Persons convicted of murder have a non-waivable ineligibility for a visa, but if an applicant found ineligible on the basis of a murder conviction could later submit evidence that the conviction had been *853 vacated, such evidence would tend to overcome the ground of ineligibility. In any event, Rivas would be eligible for a humanitarian waiver under 8 U.S.C. § 1182(d)(ll) if he attempted to smuggle his spouse, parent, son, or daughter. If Rivas had produced evidence that any smuggling he had admitted to was of a spouse, parent, son, or daughter, such a submission would clearly fall within the boundaries of 22 C.F.R. § 42.81(e).

. The only evidence offered by Defendants on this point is the Declaration of Santiago M. Burciaga, which states that "the consular officer determined that Mr. Rivas Lopez is inadmissible as a matter of law, having admitted to a violation of 8 U.S.C. § 1182(a)(6)(E)." This hearsay statement is insufficient to prove that Rivas in fact admitted to the alleged violation.