CLIFTON, Circuit Judge,
dissenting:
The majority opinion acknowledges the doctrine of consular nonreviewability and the “highly constrained” nature of our judicial review of the denial of a visa, see Bustamante v. Mukasey, 531 F.3d 1059, 1060 (9th Cir.2008), but in practice it fails to accept that doctrine and act within that constraint. Instead, assuming that judicial review must be more robust, it imposes upon the Government an obligation to provide information about a visa denial that, by statute, the government is specifically not required to provide when it denies a visa based on concerns for national security or terrorism. I respectfully dissent.
I. The Limited Nature of Judicial Review
The visa application of plaintiffs husband, Kanishka Berashk, a citizen and resident of Afghanistan, was denied by consular officials under 8 U.S.C. § 1182(a)(3)(B). Section 1182(a)-identifies “classes of aliens ineligible for visas or admission” into the United States. The statute lists ten different categories of ineligible aliens, including one “miscellaneous” provision, subsection 1182(a)(10), which encompasses several unrelated grounds. One of the identified categories within section 1182(a) is subsection 1182(a)(3), entitled “Security and related grounds,” one part of which, subsection 1182(a)(3)(B), is captioned “Terrorist activities.” That provision was identified as the basis for the denial of Berashk’s visa application.
As the majority opinion notes, at 7, we may review the denial of a visa only when the constitutional rights of an American *869 citizen are implicated and then only by way of “a highly constrained review solely to determine whether the consular official acted on the basis of a facially legitimate and bona fide reason.” Bustamante, 531 F.3d at 1060. Those two elements — facially legitimate and bona fide — were drawn directly from the Supreme Court’s decision in Kleindienst v. Mandel, 408 U.S. 753, 770, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972).
We specifically held in Bustamante that denial of a visa based upon a statutory basis for inadmissibility is a denial for “a facially legitimate reason.” 531 F.3d at 1062. We also made clear that the inquiry into whether the reason for the visa denial was bona fide is limited to the question of whether the decision was made in good faith. Whether the decision to deny the visa was correct is not the issue. Rather, a plaintiff must “allege that the consular official did not in good faith believe the information he had. It is not enough to allege that the consular official’s information was incorrect.” Id. at 1062-63.
The district court dismissed the action based upon its application of Bustamante. It concluded that reliance upon a statute, specifically section 1182(a)(3)(B), provided a facially legitimate reason for denying the visa application. As for the bona fide element, the district court noted that plaintiff had not alleged in her complaint that the consular officials acted in bad faith or without a good faith belief in the information on which the denial was based. Further, the court held that it would be impossible for plaintiff to plead to that effect because she did not know the particular basis for the denial of her husband’s visa application and thus would necessarily be unable to satisfy the plausible pleading requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The district court was right.
The majority opinion bases its conclusion on what it describes as the lack of a facially legitimate reason to deny Ber-ashk’s application and says that it does not reach the question of whether the reason given was bona fide. Majority op. at 866-67. The denial here was based on a statute, however. That statute provided a lawful reason for denying the application. The relevant definition of “legitimate” is “accordant with law.” Webster’s Third New International Dictionary 1291 (2002). Because the denial of Berashk’s application was based on law, the reason was at least “facially legitimate.”
Although the majority opinion interprets Bustamante differently, by my reading that decision held that a statutory basis for inadmissibility is a facially legitimate reason. It stated:
As set forth in the complaint, Jose was denied a visa on the grounds that the Consulate “had reason to believe” that he was a controlled substance trafficker. This is plainly a facially legitimate reason, as it is a statutory basis for inadmissibility. 8 U.S.C. § 1182(a)(2)(C).
Bustamante, 531 F.3d at 1062. The majority opinion asserts, at 11, that citation to the statute was not enough by itself, and that “[t]he reason for exclusion in Busta-mante was that ‘the Consulate “had reason to believe” that he was a controlled substance trafficker.’ ” But that portion of our opinion in Bustamante simply repeated what the complaint in that case had alleged was the stated reason, one that the plaintiffs disputed. There was no finding or determination by the court. The “facial” legitimacy rested upon the citation to the statute. This case is no different. There is nothing facially illegitimate in the identification of section 1182(a)(3)(B) as *870 the basis for the denial of Berashk’s application.
Nor is there any factual basis for us to conclude or for plaintiff to allege that the reason for the denial was not bona fide because the consular official who made the decision acted in bad faith. Plaintiff alleges in her complaint that Berashk was not engaged in any terrorist activity and that no facts exist to - support a conclusion that he is inadmissible under the statute. The Bustamantes similarly alleged that Jose Bustamante was not a drug trafficker and asked that the case be remanded for factual development, but we held that their complaint must be dismissed because they did not allege that the consular official did not in good faith believe the information he possessed. Bustamante, 531 F.3d at 1062-63. The factual basis of the consular’s decision is not within our highly limited review. As we held in Bustamante, quoted above, it is simply not enough to allege that the consular official’s decision was wrong. That is not for us to decide.
The majority opinion holds that the reason given for excluding Berashk was inadequate in two ways, statutory and factual. Neither is persuasive.
First, it complains that the Government’s reference to section 1182(a)(3)(B) is not sufficiently specific. It contends that the Government must cite to a statutory subsection narrow enough to permit the court to determine that it has been properly construed. Majority op. at 862-63. It observes that the statutory subsection cited in denying Berashk’s application, section 1182(a)(3)(B), is longer than the statutory subsection cited in the denial of the application in Bustamante, section 1182(a)(2)(C). Majority op. at 862-63. But the length of a statute does not make it any less of a statute.[1]
Nor does it provide a principled justification for denying the facial legitimacy of the consular official’s decision. It is the Government’s application of the statute to Berashk — its assessment of the facts, not any “construction” of the statute — that is disputed by plaintiff here. The key allegation of plaintiffs complaint is that:
No good faith basis exists that is sufficient to constitute a facially legitimate and bona fide reason for the denial of Mr. Berashk’s visa application under 8 U.S.C. § 1182(a)(3)(B). The fact of Mr. Berashk’s low-level employment in the Afghan Ministry of Social Welfare before, during, and after the Taliban occupation of Afghanistan alone cannot trigger any of the grounds of inadmissibility listed in 8 U.S.C. § 1182(a)(3)(B), and no other facts relevant to those grounds of inadmissibility exist.
Plaintiff has argued that the cited subsection is an “umbrella” statute that is not specific enough for Berashk to know what to try to rebut, but plaintiff has not argued that the State Department might have misinterpreted this statute committed to its authority by Congress, and there is nothing in the record that suggests that it has.
The second reason given by the majority opinion is that the plaintiff and the court have not been provided by the Government with enough factual information to “allow us to determine if the specific subsection of § 1182(a)(3)(B) was properly applied.” *871 Majority op. at 861. That gets closer to what I perceive to be the majority opinion’s actual concern. The majority opinion is premised on the assumption that the court must be provided with whatever additional information we deem necessary to permit us to conduct a more thorough review and on the corollary that we have the power to require the Government to provide that additional information. Thus, the majority opinion holds that the Government “must at least allege what it believes Berashk did that would render him inadmissible.” Id. at 863. Otherwise, the majority opinion asserts, our review would be only a “rubber-stamp.”[2]
We must recognize, however, that “[t]he power of Congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country and to have its declared policy in that regard enforced exclusively by executive officers, without judicial intervention, is settled by our previous adjudications.” Kleindienst v. Mandel, 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (quoting Lem Moon Sing v. United States, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895)) (internal quotations omitted). Analysis of the applicant’s underlying conduct has “been placed in the hands of the Executive.” Mandel, 408 U.S. at 769, 92 S.Ct. 2576. Our review here is supposed to be highly restrained.
That does not mean that our review is purely a formality or, as the majority opinion describes it, a rubber stamp. In many instances there will be more specific information available about the basis for a visa denial. When there is more information available, it is appropriate for a court to examine that information, as our court did in Bustamante, albeit still in the course of a limited review. But, as discussed below, Congress has specifically provided that the Government is not required to provide specific information about what lies behind a visa denial under subsection 1182(a)(3), the basis for the denial of Berashk’s application. When the statute says that the Government does not have to disclose that information, compelling it to disclose the information anyway in order to allow “limited” and “highly restrained” judicial review cannot be justified.
II. 8 U.S.C. § 1182(b)
By requiring the Government to disclose more specific information about the denial of Berashk’s visa application, the majority opinion effectively disregards the statute that says that the government is not obligated to disclose that information.
After the categories of aliens deemed ineligible for visas are identified in 8 *872 U.S.C. § 1182(a), the next part of the statute, section 1182(b), provides for the notice to be given following the denial of a visa application. For denials based on most of the subsections of section 1182(a), some notice of the determination and its statutory basis is required.[3] But the statute, in section 1182(b)(3), explicitly carves out denials based on two subsections: 1182(a)(2) (“Criminal and related grounds”) and 1182(a)(3) (“Security and related grounds”). No disclosure of information is required when a visa denial is based on one of those subsections.
The denial of Berashk’s visa was based on subsection 1182(a)(3). Under section 1182(b)(3), the Government was not required to provide more specific information regarding that denial.[4] The majority holds otherwise without giving serious consideration to the impact of section 1182(b)(3).
Plaintiff realizes that this statute poses a serious obstacle to her claim, and in her complaint, she presents as a separate claim for relief a challenge to the constitutionality of section 1182(b) as applied to her. The constitutional basis for the challenge is only vaguely described in the complaint as “procedural due process under the Fifth Amendment.” The district court held that the notice provision only applies to the alien, applicant for the visa, in this case Berashk, and not to his U.S. citizen wife, the plaintiff in this case, so it concluded that plaintiff lacked standing to challenge the statute. The majority opinion disagrees and reverses that part of the district court’s order as well.
The majority opinion does not conclude that the statute is unconstitutional, however. Plaintiff has not yet presented her argument to that effect on the merits. The proposition that this nation’s desire to keep persons connected with terrorist activities from entering the country must be subordinated to plaintiffs desire for the information based on “procedural due process” strikes me as highly unlikely, particularly when there is no allegation that the Government failed to provide plaintiff or her husband the process that is required by the applicable statute.
What matters for now, though, is that the majority opinion effectively nullifies *873 the statute simply by asserting that it “does not apply to Din.” Majority op. at 867.[5] That misses the point. Even if the limitation on disclosure does not apply to Din, nothing else gives her the right to demand that the Government provide the information to her. More broadly, Congress has required disclosure to applicants of information regarding visa denials, except for denials based on criminal or security grounds. It makes no sense to read the statute to require disclosure for such denials simply because there might be a U.S. citizen interested in the application.
That statute should not be ignored. It directly contradicts the majority opinion’s holding that the Government must provide more information about the denial of Ber-ashk’s visa. The statute says otherwise.
In my view, the majority opinion has gone astray in two different ways. It fails to honor the highly constrained nature of judicial review of a decision to deny a visa application. And, in the process, it orders the government to disclose information that the relevant statute says that the government does not have to provide. I respectfully dissent.

. The citation was not as unspecific as the majority opinion suggests. Section 1182(a)(3)(B) contains several subsections, but all pertain to "terrorist activities.” The Government did not simply cite to section 1182(a) as a whole. As discussed below, at 871-72, the Government is generally required to provide some explanation for a visa denial, but the statute explicitly provides that denials under section 1182(a)(3)(B) are different.

. The majority opinion supports this statement with a citation with a "cf.” signal to United States v. DeGeorge, 380 F.3d 1203, 1215 (9th Cir.2004), describing that case as holding that "courts should not simply rubber-stamp the government’s request, but hold the government to its burden.' " That citation provides no support for the majority opinion’s conclusion here. To begin with, that criminal appeal had nothing whatsoever to do with the issue in this case. It made no mention of the doctrine of consular nonre-viewability nor any reference to the highly constrained review that we are to apply here. Rather, it addressed a court order issued at the request of the government to toll the statute of limitations because evidence was located in a foreign country, based on a statute that authorized such tolling, 18 U.S.C. § 3292. Moreover, as our decision noted, the judicial review in that case was expressly required by that statute. DeGeorge, 380 F.3d at 1213-14 (citing 18 U.S.C. § 3292(a)(1)). When a statute requires that the district court make a given finding before issuing an order, it is no surprise that in reviewing the district court's order we held that the Government must be held to its burden. No similar authorization for judicial review exists here.

. 8 U.S.C. § 1182(b) provides:
(b) Notices of denials
(1) Subject to paragraphs (2) and (3), if an alien’s application for a visa, for admission to the United States, or for adjustment of status is denied by an immigration or consular officer because the officer determines the alien to be inadmissible under subsection (a) of this section, the officer shall provide the alien with a timely written notice that—
(A) states the determination, and
(B) lists the specific provision or provisions of law under which the alien is inadmissible or adjustment of status.
(2) The Secretary of State may waive the requirements of paragraph (1) with respect to a particular alien or any class or classes of inadmissible aliens.
(3) Paragraph (1) does not apply to any alien inadmissible under paragraph (2) or (3) of subsection (a) of this section.
The United States Code Annotated notes that the language quoted above from section 1182(b)(1)(B) is presented that way in the statute but that the word "adjustment” should probably be preceded by "ineligible for.”

. Contrary to the majority's assumption, at 865, the lack of an affirmative right to compel disclosure does not “function[] as an implied prohibition” against disclosure. Rather, courts are prohibited from demanding disclosure, in this context, and our cases say it explicitly. See Bustamante, 531 F.3d at 1062 (rejecting Bustamante’s argument for remand in order to require the government "to present specific evidence to substantiate the asserted]” basis for the visa denial). Accordingly, the majority’s inapposite discussion of Brady obligations, an area of law requiring robust judicial review of due process, lends no support to its holding.

. The majority opinion describes this as a concession by the Government. Actually, it is the reason why the Government has argued, as the district court concluded, that Din does not have standing to challenge the exclusions under the statute. The majority opinion concludes that Din does have standing, but its broader conclusion that the statute can be disregarded because it does not apply to Din means that Din’s procedural due process challenge is irrelevant — in which case she actually would lack standing.