
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| ROLA CHEHADE; RANA CHEHADE, | No. 16-55236 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-02219-DDP-JEM |
| v. | |
| REX TILLERSON, United States Secretary of State; ELIZABETH RICHARD, Ambassador, U.S. Embassy Lebanon; US DEPARTMENT OF STATE, | MEMORANDUM* |
| Defendants-Appellees. | |


Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted October 12, 2017
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and LEITMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Rola and Rana Chehade appeal the dismissal of their challenge to the denial of Rana Chehade's immigrant visa application, which was denied by a consular officer pursuant to 8 U.S.C. § 1182(a)(3)(B).

Rana Chehade, an unadmitted and nonresident alien, has no constitutional right of entry and no cause of action for judicial review of her visa application's denial. *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); *accord Kerry v. Din*, 135 S.Ct. 2128, 2131 (2015) (plurality opinion) ("[A]n unadmitted and nonresident alien . . . has no right of entry into the United States, and no cause of action to press in furtherance of his claim for admission." (citing *Mandel*, 408 U.S. at 762)).

Her daughter Rola Chehade, a United States citizen, alleges that the denial of her mother's visa application implicates her own constitutional due process rights. Assuming without deciding that Rola Chehade has a protected liberty interest in her relationship with her mother that gives rise to a right to constitutionally adequate procedures in the adjudication of her mother's visa application, and therefore that Rola Chehade may challenge the denial pursuant to the limited inquiry authorized by *Mandel*, the government's notice of her mother's visa denial satisfied due process. *See Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008); *see also Din*, 135 S.Ct. at 2139 (Kennedy, J., concurring) (finding that government's notice satisfied due process without deciding whether United States

2

citizen had a protected liberty interest permitting her challenge to the denial of her spouse's visa application).

The consular officer provided a facially legitimate reason for denying the visa application by citing § 1182(a)(3)(B), a valid statute of inadmissibility. *Din*, 135 S.Ct. at 2140 (consular officer's citation to § 1182(a)(3)(B) "suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements," and "the Government's decision to exclude an alien it determines does not satisfy one or more of those [statutory] conditions is facially legitimate under *Mandel*"); *Cardenas v. United States*, 826 F.3d 1164, 1172 (9th Cir. 2016) (under two-part *Din* test, "[f]irst, the consular officer must deny the visa under a valid statute of inadmissibility" to provide a facially legitimate reason). The citation of § 1182(a)(3)(B) also provided a bona fide reason. *Din*, 135 S.Ct. at 2140 ("The Government's citation of § 1182(a)(3)(B) also indicates it relied upon a bona fide factual basis for denying a visa . . . ."). Because "§ 1182(a)(3)(B) specifies discrete factual predicates the consular officer must find to exist before denying a visa," *id.* at 2141, it is not necessary for there to also be a fact in the record providing a facial connection to the statutory ground of inadmissibility, *Cardenas*, 826 F.3d at 1172 (to satisfy the second part of the *Din* test, "the consular officer must cite an admissibility statute that 'specifies discrete factual

3

predicates the consular officer must find to exist before denying a visa,' *or* there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." (emphasis added) (quoting *Din*, 135 S.Ct. at 2141)).

As the government has shown that it provided a facially legitimate and bona fide reason for the visa application's denial, "the plaintiff has the burden of proving that the reason was not bona fide by making an 'affirmative showing of bad faith on the part of the consular officer who denied [] a visa.'" *Cardenas*, 826 F.3d at 1172 (alteration in original) (quoting *Din*, 135 S.Ct. at 2141); *see also Bustamante*, 531 F.3d at 1062–63 ("[T]o make an allegation of bad faith sufficient to withstand dismissal . . . [the complaint must] allege that the consular official did not in good faith believe the information he had. It is not enough to allege that the consular official's information was incorrect."). Rola Chehade has not "plausibly alleged with sufficient particularity," *Din*, 135 S.Ct. at 2141, that the consular officer denied her mother's visa application in bad faith. The amended complaint's allegation that the consular officer's decision "was issued in bad faith, as part of the continued unreasonable harassment of the Plaintiffs and their family" by the Department of Homeland Security and the United States Citizenship and Immigration Services, is insufficient to merit further judicial review. In the

absence of sufficient allegations of bad faith on the part of the consular officer, the government's notice that Rana Chehade was denied admission under § 1182(a)(3)(B) satisfied any obligation it might have had to provide Rola Chehade with a facially legitimate and bona fide reason for the denial of her mother's visa application.

The judgment of the district court is AFFIRMED.