**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFIAK MOHAMED ALGZALY; et al.,

          Plaintiffs-Appellants,

  v.

ANTONY J. BLINKEN, as Secretary of
State; et al.,

          Defendants-Appellees.

No.   21-16375

D.C. No. 3:20-cv-03322-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted June 9, 2022
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Rafiak Mohamed Algzaly, a United States citizen, and his sons, Hani Rafeq

Mohammed Alghazali and Gubran Rafeq Mohammed Alghazali, citizens of Yemen,

challenge the determination that Hani and Gubran are inadmissible under 8 U.S.C.

§ 1182(a)(6)(C)(i). The district court dismissed their constitutional claims as barred

under the doctrine of consular nonreviewability and denied, on the same grounds,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

leave to raise a claim under the Administrative Procedure Act ("APA"). We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the dismissal of a complaint under the consular nonreviewability doctrine. *See Khachatryan v. Blinken*, 4 F.4th 841, 849 (9th Cir. 2021).

1. Hani and Gubran reside in Cairo with their families and are not in detention. They have "no personal right to entry, nor a right to judicial review absent a personal detention by the United States." *Allen v. Milas*, 896 F.3d 1094, 1098 n.1 (9th Cir. 2018); *see also Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972) ("[Appellant], as an unadmitted and nonresident alien, had no constitutional right of entry to this country as a nonimmigrant or otherwise."). Hani and Gubran therefore cannot state a claim for relief.

2. We assume, without deciding, that Rafiak, a citizen, has a constitutional interest in the admission of his sons to the United States, and therefore do not reach the government's request that we extend the holding of *Khachatryan*, 4 F.4th at 862, to preclude claims asserted by a citizen parent on behalf of a non-resident non-citizen child. While "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review," if "a U.S. citizen's constitutional rights are alleged to have been violated by the denial of a visa to a foreigner," a court can undertake "a highly constrained review solely to determine whether the consular official acted on the basis of a facially legitimate and bona fide reason." *Bustamante v. Mukasey*,

2

531 F.3d 1059, 1060 (9th Cir. 2008).

a.  The inadmissibility determinations for Hani and Gubran were facially legitimate and bona fide.  The visa denials cited "valid statute[s] of inadmissibility"—8 U.S.C. § 1182(a)(6)(C)(i) and (a)(10)(A)—which specify "discrete factual predicates the consular officer must find to exist before denying a visa." *Cardenas v. United States*, 826 F.3d 1164, 1172 (9th Cir. 2016).  Moreover, the complaint alleges facts in the record that provide "at least a facial connection to the statutory ground of inadmissibility." *Id.* (cleaned up).

b.  The complaint does not make an "affirmative showing of bad faith," *Kerry v. Din*, 576 U.S. 86, 105 (2015) (Kennedy, J., concurring), because it does not plausibly allege that "the consular official did not in good faith believe the information he had," *Bustamante*, 531 F.3d at 1062.  The complaint alleges that Hani and Gubran personally submitted materials to the consulate, and the inadmissibility findings do not state that the false representation came from a document submitted by a physician.  Even if the consular officer relied on a misrepresentation conveyed by Hani's and Gubran's physician, nothing in the record suggests "that the transfer of information . . . never took place, or that the Consulate acted upon information it knew to be false." *Id.* at 1063.

3.  The APA does not provide for review of a United States Citizenship and Immigration Services ("USCIS") denial of a waiver of inadmissibility based on a

consular officer's denial of a visa when the applicant is not in the United States. *See Allen*, 896 F.3d at 1108. Bringing an APA claim against USCIS rather than the State Department, does not overcome the consular nonreviewability doctrine. *See Mandel*, 408 U.S. at 759 (addressing the Immigration and Naturalization Service's denial of ineligibility waiver); *Bustamante*, 531 F.3d at 1062 n.1 (refusing to "distinguish *Mandel* on the grounds that the exclusionary decision challenged in that case was not a consular visa denial, but rather the Attorney General's refusal to waive Mandel's inadmissibility," because "[t]he holding is plainly stated in terms of the power delegated by Congress to 'the Executive'"). The district court's denial of leave to amend to assert an APA claim was not an abuse of discretion.

**AFFIRMED**.