**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIMUL CHHENG; NHEP CHHENG,

Plaintiffs-Appellants,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

Defendant-Appellee.

No.   21-17040

D.C. No. 3:21-cv-03223-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted August 14, 2023
San Francisco, California

Before:  CALLAHAN and BADE, Circuit Judges, and ANTOON,[**] District Judge.

Plaintiffs-Appellants Nhep Chheng ("Nhep," a naturalized citizen) and his

adult son Nimul Chheng ("Nimul," a native and citizen of Cambodia) appeal the

district court's grant without leave to amend of Defendant-Appellee U.S.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Department of Homeland Security's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim and may affirm on any basis supported by the record. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). We review a district court's denial of leave to amend for an abuse of discretion. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm.

1. The Chhengs challenge the denial of Nimul's visa application, which Nhep sponsored. We have held that pursuant to the doctrine of consular nonreviewability, "ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review." *Allen v. Milas*, 896 F.3d 1094, 1104 (9th Cir. 2018) (quoting *Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008)). But, a "circumscribed judicial inquiry" may be made where a consular decision involves a violation of a U.S. citizen's constitutional rights. *Khachatryan v. Blinken*, 4 F.4th 841, 849 (9th Cir. 2021) (quoting *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018)).

As a foreign national, Nimul does not have a constitutional right of entry and therefore cannot challenge the visa denial. *See Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972). Additionally, Nhep fails to show a constitutionally protected liberty interest in his non-citizen adult child's visa application sufficient to state a

2

due process claim that would fall within the exception to the doctrine of consular nonreviewability. In *Khachatryan*, we considered the inverse relationship and found no constitutionally protected liberty interest in the visa denial of an adult U.S. citizen's non-citizen parent. 4 F.4th at 862 ("[T]he [Supreme] Court has never suggested that whatever protection applies to extended-family relationships entails a constitutionally rooted expectation that one will be allowed to bring one's parents or adult children *into* the United States."). Given the reciprocal nature of the parent-child interest in familial association, we conclude that the holding of *Khachatryan* controls here. *See Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987) (recognizing reciprocal rights between the interests of parents and children), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018) (noting that children's "rights to companionship with their parents have been interpreted as reciprocal to their parents' rights"). Therefore, Nhep has not shown he has a constitutionally protected liberty interest in the denial of his non-citizen adult child's visa, and his claims were properly dismissed.

2. The Chhengs argue the district court abused its discretion in dismissing their suit without leave to amend. However, dismissal without leave to amend is proper if "the pleading could not possibly be cured by the allegation of

3

other facts." *Lopez*, 203 F.3d at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Because the Chhengs cannot cure the lack of a constitutionally protected interest, dismissal without leave to amend was proper.

The decision of the district court is **AFFIRMED**.[1]

---

[1] The Chhengs' motion to expedite is denied as moot. Dkt. No. 29.